# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02989-DDD-MEH

JAMES HUNTER,

                Plaintiff,

v.

ALEXIS KING;
CHRIS SCHAFFER;
REGGIE MARINELLI;
KEVIN FISHER;
STEVEN JENSEN;
YVONNE M. WOODS;
MICHELLE NELSON;
ALEX JAMESON;
RICHARD TEWES;
And PATRICK WILSON;

                Defendants.

---

## MOTION TO DISMISS COMPLAINT ON BEHALF OF DEFENDANTS JAMESON AND TEWES

---

Former Lakewood Police Department employees Alex Jameson and Richard Tewes, hereby file this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**Certificate of Conferral:** Pursuant to the spirit of D.C.COLO.LCivR 7.1(b)(1); DDD Civ. P.S. III(D), counsel for Defendants Jameson and Tewes has

consulted with Plaintiff's counsel and Plaintiff opposes this motion.

## INTRODUCTION

Although not directly asserted in his Complaint, Plaintiff was convicted of a class 2 felony sex assault in Colorado State Court in 2004, case 02CR3254. (ECF 2, ¶¶ 15-16); *see also* Jefferson County Court Case 2002CR3254 Docket Report)[1]. Plaintiff then pursued a series of appeals in Colorado's state courts ultimately resulting in the Colorado Court of Appeals affirming the state trial court's order denying Mr. Hunter's petition for new DNA testing. *People v. Hunter*, 20CA0993 (Colo. App. Jan 27, 2022) (unpublished) ("COA Op."). The Colorado Supreme Court subsequently declined to review that decision. (ECF 2, ¶ 42; ECF 27, Ex. A &B))

The apparent purpose of his lawsuit here is to have this Court order that the Defendants allow him access to physical evidence in his case to perform forensic testing and analysis in an attempt to bolster his post-conviction claims. Defendants Jameson and Tewes, as asserted in Plaintiff's complaint, are former members of the Lakewood Police Department who participated in the investigation and subsequent conviction of Plaintiff. Notwithstanding the relative merits of the two requests for relief, as to Defendants Jameson and Tewes, Plaintiff does not assert a sufficient

---

[1] Although a court will generally not consider materials outside the pleadings to resolve a motion to dismiss, this Court may consider information outside the Complaint to resolve jurisdictional questions, including documents appropriate for judicial notice. *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008).

factual basis to establish how either request for relief could be applied to either such Defendant. Additionally, there are numerous other bars to this lawsuit, including the Rooker-Feldman Doctrine, *res judicata*, and the *Heck* Doctrine.

## STANDARD OF REVIEW

1. **Dismissal under Fed. R. Civ. P. 12(b)(1)**

Fed. R. Civ. P. 12(b)(1) permits a court to dismiss a complaint for lack of subject matter jurisdiction. The burden for establishing subject matter jurisdiction rests within the Plaintiff. Rule 12(b)(1) governs dismissal for lack of subject matter jurisdiction. *Port City Properties v. Union Pac. R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). The moving party may either challenge the complaint's allegations as to the existence of subject matter jurisdiction or go beyond the complaint's allegations by presenting evidence challenging the factual basis upon which jurisdiction rests. *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004).

2. **Dismissal under Fed. R. Civ. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint that fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists only "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). On a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint. *Id.* However, legal conclusions, bare assertions, and conclusory statements "are not entitled to the assumption of truth." *Id.* at 664. Where the well-pleaded allegations do not establish facial plausibility, the complaint should be dismissed.

## ARGUMENT

1. **Both of Plaintiff's requests for relief, even if granted, would not apply to Defendants Jameson and Tewes as they are retired police officers and have no authority to carry out the relief sought.**

In his complaint, Plaintiff requests two different forms of relief: (1) declaratory relief that Defendants have violated his rights to prove his innocence or establish a basis for post-conviction relief; and (2) an order that Defendants must provide Plaintiff access to print results and biological evidence in their custody and control. However, there is no factual allegation that Defendants Jameson and Tewes violated

his rights or that they are able to remedy said alleged violations.

### A. Plaintiff does not assert any factual basis for how Defendants Jameson and Tewes have violated his rights to prove his innocence or establish a basis for post-conviction relief.

Plaintiff's asserted factual bases against Defendants Jameson and Tewes are contained in his Complaint, paragraphs 10, 11 (in which he asserts that Defendants Jameson and Tewes conspired with local law enforcement to prevent the testing), and in Paragraphs 19-22, 24-26, 36, 37 (in which he asserts allegations concerning actions taken by Defendants Jameson and Tewes prior to Plaintiff's conviction in 2004). (ECF 2, ¶¶ 10-11, 19-22, 24-26, 36, 37).

The only assertions against Defendants Jameson and Tewes are that Defendants Jameson and Tewes "conspired with local law enforcement" to prevent the testing many years ago. (ECF 2, ¶¶ 10-11). Because Plaintiff gives no further factual allegation as to this alleged conspiracy, these unsupported allegations are conclusory.

Conspiracy requires a factual basis beyond mere assertion that "a conspiracy exists". To properly allege a conspiracy, a putative plaintiff must allege more than some parallel conduct and a conclusory and speculative allegation that defendants must have reached an agreement. *Twombly*, 550 U.S. 544, 556-57 (2007). Without more, parallel conduct does not suggest conspiracy and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show

illegality. *Id*. A Plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). Here, the sole allegation concerning conspiracy is that that Defendants Jameson and Tewes "conspired with local law enforcement". This sparse alleged factual basis does not begin to fulfill the requirements for a properly pled conspiracy. There are no factual allegations concerning any agreement or action, nor is there any factual allegation as to why two former and retired police officers would be involved in this action in any way. Thus, Plaintiff has not properly alleged facts sufficient to establish his first claim as it relates to Defendants Jameson and Tewes.

### B. Plaintiff does not assert any factual basis that Defendants Jameson and Tewes are in possession of any of the items he seeks an order concerning.

Plaintiff does not allege in his complaint that Defendants Jameson and Tewes are in possession of any pieces of physical evidence that could potentially be subject biological testing. Further, Plaintiff does not allege that either Defendant, as a former police officer, has the authority to direct any person or agency to perform any act with the evidence.[2]

---

[2] Both Defendants have completed affidavits, which have been provided to Plaintiff's counsel, indicating that, as former police officers, they do not possess any information, including physical evidence, from this or any other case as all physical evidence from all cases remains in the custody and control of the Lakewood Police Department.

Thus, any order sought by the plaintiff and granted by this Court against Defendants Jameson and Tewes concerning access to evidence would have no greater effect than such an order against a randomly chosen person. Simply, Plaintiff does not allege, as he cannot allege, that Defendants Jameson and Tewes possess or are in control of the items of evidence to which he seeks access.

### 2. This Court lacks jurisdiction under the Rooker-Feldman Doctrine.

The Rooker-Feldman doctrine precludes federal court review of a direct challenge to a state court judgment due to lack of jurisdiction. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Skinner v. Switzer*, 562 U.S. 521, 531-33 (2011); *Dawson v. Suthers*, No. 14-CV-01919-MSK-NYW, 2015 WL 5525786 at *4 (D. Colo. Sept. 21, 2015) (unpublished).

Here, Plaintiff is attempting to bring a federal court challenge to the state court determination that he is not entitled to further DNA testing. He is not challenging the facial constitutionality of any state statute. Instead, he is arguing that the Colorado courts' decisions to deny testing under a Colorado statute violates due process in this particular situation. If this Court were to grant Plaintiff's requests for relief, any Order would necessarily invalidate the State Court ruling in direct violation of the Rooker-Feldman doctrine. *See also Alvarez v. Attorney General for the State of Fla.*, 679 F.3d 1257, 1262-63 (11th Cir. 2012);

*Huey v. Kunzweiler*, No. 20-CV-0021-CVE-FHM, 2020 WL 1325359, at *4-5 (N.D. Okla. Mar. 20, 2020) (footnote omitted), *aff'd*, 847 F. App'x 530 (10th Cir. 2021); *Pickens v.Kunzweiler*, No. 15-CV-504-JHP-PJC, 2016 WL 1651821, at *3 (N.D. Okla. Apr. 25, 2016).

Plaintiff already sought a ruling for DNA testing in Colorado State Court. Although he has *slightly* reframed that relief here to seek an injunction preventing the destruction of DNA evidence, his requests for relief are nonetheless a direct challenge of a state court ruling.

3.   **Plaintiff's claims are also barred by the Heck doctrine.**

Under the Heck doctrine, a state prisoner's § 1983 action is barred no matter the relief sought or the target of the prisoner's suit if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (citing *Heck v. Humphrey,* 512 U.S. 477, 478 (1994)).  This includes requests for declaratory and injunctive relief. *Lawson v. Engleman*, 67 F. App'x 524, 526 (10th Cir. 2003).

The state courts have denied essentially the same relief Plaintiff now seeks from this Court: additional DNA evidence testing. Thus, the Heck doctrine is a complete bar to such claims.

4.  **Plaintiff has not established a plausible municipal liability claim.**

Plaintiff brings this action against Defendants Jameson and Tewes in their

official capacities only. (ECF 2, ¶¶ 10-11). Actions directed at the governmental entity require an allegation that a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers is unconstitutional. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

Plaintiff has not made a single allegation identifying an unconstitutional policy or custom of the Defendants Jameson and Tewes' former employer, the Lakewood Police Department. Thus, Plaintiff has not met the minimum pleading standards of a municipal liability claim.

## CONCLUSION

Plaintiff's requests for relief fail to meet the minimum pleading standards of Fed. R. Civ. P. 12(b)(6) as to Defendants Jameson and Tewes. Further, this Court does not have jurisdiction under Fed. R. Civ. P. 12(b)(1). Accordingly, this complaint must be dismissed as to Defendants Jameson and Tewes.

Dated this 25th day of January, 2024.

City of Lakewood

*/s/ Alex Dorotik*
Alexander James Dorotik
480 S. Allison Pkwy
Lakewood, CO 80226
(303) 987-7456/Fax: (303) 987-7671
adorotik@lakewood.org
*Attorney for Defendants Alex Jameson and Richard Tewes*

**CERTIFICATE OF SERVICE**

I certify that on this 25th day of January, 2024, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.

/s/ Alex Dorotik