IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02989-DDD-MEH

JAMES HUNTER,

    Plaintiff(s),

v.

ALEXIS KING District Attorney for the 1 st Judicial District, in her official capacity.

CHRIS SCHAFFER, Director of the Colorado Bureau of Investigation, in his official capacity,

REGGIE MARINELLI, Sheriff of the Jefferson County Sheriff's Department, in his official capacity,

KEVIN FISHER, Chief of Police for the Lakewood Police Department, in his individual capacity,

STEVEN JENSON Former Deputy District Attorney for the Jefferson County District Attorney's office, in his individual capacity,

YVONNE M. WOODS Officer, laboratory technician of the Colorado Bureau of Investigation, in her individual capacity,

ALEX JAMESON Former Detective of the Lakewood Police Department, in his individual capacity,

RICHARD TEWES Officer of the Lakewood Police Department, in his individual capacity

PATRICK WILSON, Officer of the Lakewood Police Department, in his individual capacity.

    Defendant(s).

**PROPOSED SCHEDULING ORDER**

**1.**    **DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

AND PRO SE PARTIES

Plaintiff James Hunter, by and through his counsel, Kenneth Mark Burton of the Law Office of Mark Burton, P.C. hereby submits his Proposed Scheduling Order for the status conference on February 5, 2024 at 10:15 am, and states as
*Follows:*

Kenneth Mark Burton
ATTORNEY AT LAW
The Law Office of Mark Burton, PC
1175 Osage Street, Suite 210
Denver, CO 80204
Phone 303.517-1187
Fax 303.379-3922
*Email:* [burtonslaw2000@yahoo.com](mailto:burtonslaw2000@yahoo.com)

## 2.   STATEMENT OF JURISDICTION

This action arises under the Constitution of the United States and Title 42 U.S.C. 1983. Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. 1331, 28 U.S.C. 2201. Plaintiffs claim for injunctive and declaratory relief is authorized under 28 U.S.C. 2283, 2284 and Fed.R.Civ.P. 57 and 65.

Venue is proper in this Court pursuant to 28 U.S.C. 1391(b), as all the events giving rise to this action occurred in the State of Colorado.

## 3.   STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff:[1]

Plaintiff is hereby bringing a single claim against the Defendants— Violation of Due Process—14th Amendment Violation. (denial of access to constitutional material evidence required for DNA testing)

The cause of action in this case is the denial of due process, and the request for the fair administration of justice through proper access to evidence and testing

---

[1] Plaintiff Mr. Hunter hereby incorporates by reference his complaint [ECF#1], pp. 1-19

that could substantiate the actual and factual innocence of the Plaintiff. Mr. James Hunter, the Plaintiff, is 64-year-old gentleman that has maintained his innocence for 21 years. The dynamics of this case meet the quintessential circumstances in which the State of Colorado should yield in the interest of justice and allow Mr. Hunter to have access to DNA and print identification evidence to substantiate his factual innocence.

A post-conviction claim for DNA and finger/palm print testing is properly pursued in a 42 U.S.C. 1983 action. The success of this claim gains Mr. Hunter only access to untested biological evidence for DNA testing, which may prove exculpatory, inculpatory, or inconclusive. In no event will a judgment that simply orders DNA tests, here, necessarily imply the unlawfulness of the State's custody. *Skinner v. Switzer, 562 U. S. 521, 525, 131 S. ct. 1289, 179 L. Ed. 2d 233 (2011).* As such, the Heck rule has no applicability here. See *Heck v. Humphrey, 512 U.S. 477, 114 S. Ct.2364, 129L. Ed. 2d 383 (1994).*

A procedural due process claim consists of two elements: (i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process. *Reed v. Goertz, 143S. Ct. 955, 961 (April 19, 2023).*

Mr. Hunter has a liberty interest in utilizing state procedures to obtain reversal of his conviction and/or to obtain a pardon or reduction of sentence in clemency proceedings with the Governor of Colorado under the Fourteenth Amendment to the constitution of the United States.

The access to biological evidence and testing of this evidence was never properly afforded to Mr. Hunter due to the conspirator and abusive conduct of the

3

Defendants, and Defense Counsel ineffectiveness. Moreover, the development of DNA science from the outset of this litigation was undeveloped and therefore unavailable to Mr. Hunter. Therefore, any lack of testing of the subject's biological evidence is not due to lack of diligence on Mr. Hunter's part.

b.   Defendant(s):

c.   Other Parties: None.

### 4. UNDISPUTED FACTS

### 5. COMPUTATION OF DAMAGES

Plaintiff is seeking purely injunctive and declaratory relief, and any further relief that this Court deems justice and proper under applicable law.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   The interested parties have yet to confer pursuant to *Rule 26(f)*.

b.   Plaintiff Hunter will submit initial disclosures by February 28th 2024.

c.   The parties do not anticipate that this action will be resolved without a trial.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

- a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules. None

- b. Parties have agreed that each party will be limited to total of seven hours per deposition.

- c. Limitations which any party proposes on the number of requests for production and/or requests for admission: Plaintiff proposed that each side be limited to 25 interrogatories, 25 request for production and 25 requests for admissions.

- d. Other Planning or Discovery Orders: None

## 9. CASE PLAN AND SCHEDULE

  a. Deadline for Joinder of Parties and Amendment of Pleadings:
           March 30, 2024.

- b. Discovery Cut-off: August 1, 2024.

- c. Dispositive Motion Deadline: August 1, 2024

- d. Expert Witness Disclosure:

    - a. Plaintiffs anticipate that they may name four experts in the fields of law enforcement practices, damages, and medical and mental health.

    - b. Limitations which the parties propose on the use or number of expert witnesses.: Plaintiffs propose four experts on each side.

    - c. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 9, 2024.

    - d. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 9 2024.

- e. All Depositions must be completed by July 1, 2024.

- f. Deadline for Interrogatories: Interrogatories may be served no later than July 1, 2024.

- g. Deadline for Requests for Production of Documents and/or Admissions may be served by no later than July 1, 2024.

## 10. DATES FOR FURTHER CONFERENCES

    a.       Status conferences will be held in this case at the following dates and times:

_____.

    b.  A final pretrial conference will be held in this case on _____ at o'clock _m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

    a.       Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. None.

    b.       Anticipated length of trial and whether trial is to the court or jury. 5 days.

    c.       Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at \

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(d). by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

*The Scheduling Order may be altered or amended only of showing of good cause.*

DATED at Denver, Colorado, this _____ day of _____, 20___.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED:

/s Kenneth Mark Burton

_____   _____

Kenneth Mark Burton

1175 Osage St., Suite 210, Denver CO 80204

303-517-1187

Attorney for Plaintiff