# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02989-DDD-MEH

JAMES HUNTER,

                Plaintiff,

v.

ALEXIS KING;
CHRIS SCHAFFER;
REGGIE MARINELLI;
CHIEF SMITH;
YVONNE M. WOODS;

                Defendants.

---

## MOTION TO DISMISS FIRST AMENDED COMPLAINT ON BEHALF OF "CHIEF SMITH"

---

"Chief Smith" hereby files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**Certificate of Conferral:** Pursuant to the spirit of D.C.COLO.LCivR 7.1(b)(1); DDD Civ. P.S. III(D), counsel for Defendant Smith has consulted with Plaintiff's counsel and Plaintiff opposes this motion.

### INTRODUCTION

Although not directly asserted in his Complaint, Plaintiff was convicted of a class 2 felony sex assault in Colorado State Court in 2004, case 02CR3254. (ECF 39,

¶¶ 21-24); *see also* Jefferson County Court Case 2002CR3254 Docket Report)[1]. Plaintiff then pursued a series of appeals in Colorado's state courts ultimately resulting in the Colorado Court of Appeals affirming the state trial court's order denying Mr. Hunter's petition for new DNA testing. *People v. Hunter*, 20CA0993 (Colo. App. Jan 27, 2022) (unpublished) ("COA Op."). The Colorado Supreme Court subsequently declined to review that decision. (ECF 39, ¶ 40; ECF 27, Ex. A &B))

The apparent purpose of his lawsuit here is to have this Court order that the Defendants allow him access to physical evidence in his case to perform forensic testing and analysis in an attempt to bolster his post-conviction claims. The Rooker-Feldman Doctrine, *res judicata*, and the *Heck* Doctrine are complete defenses to this claim.

## STANDARD OF REVIEW

1. **Dismissal under Fed. R. Civ. P. 12(b)(1)**

Fed. R. Civ. P. 12(b)(1) permits a court to dismiss a complaint for lack of subject matter jurisdiction.  The burden for establishing subject matter jurisdiction rests within the Plaintiff.  Rule 12(b)(1) governs dismissal for lack of subject matter jurisdiction. *Port City Properties v. Union Pac. R. Co.*, 518 F.3d 1186, 1189

---

[1] Although a court will generally not consider materials outside the pleadings to resolve a motion to dismiss, this Court may consider information outside the Complaint to resolve jurisdictional questions, including documents appropriate for judicial notice. *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008).

(10th Cir. 2008). The moving party may either challenge the complaint's allegations as to the existence of subject matter jurisdiction or go beyond the complaint's allegations by presenting evidence challenging the factual basis upon which jurisdiction rests. *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004).

### 2. Dismissal under Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint that fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). On a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint. *Id.* However, legal

conclusions, bare assertions, and conclusory statements "are not entitled to the assumption of truth." *Id.* at 664. Where the well-pleaded allegations do not establish facial plausibility, the complaint should be dismissed.

## ARGUMENT

1. **This Court lacks jurisdiction under the Rooker-Feldman Doctrine.**

The Rooker-Feldman doctrine places a jurisdictional bar on federal court review of a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Skinner v. Switzer*, 562 U.S. 521, 531-33 (2011); *Dawson v. Suthers*, No. 14-CV-01919-MSK-NYW, 2015 WL 5525786 at *4 (D. Colo. Sept. 21, 2015) (unpublished). The Rooker-Feldman doctrine prohibits federal courts from adjudicating cases brought by state-court losing parties challenging state-court judgments. *Reed v. Goertz*, 143 S. Ct. 955, (2023). But as the Supreme Court explained in *Skinner v. Switzer*, even though a "state-court decision is not reviewable by lower federal courts," a "statute or rule governing the decision may be challenged in a federal action." Id. (citing *Skinner v. Switzer,* 562 U. S. 521, 532 (2011). Unlike in *Reed*, Plaintiff is attempting to bring a federal court challenge to the state court determination that he is not entitled to further DNA testing. He is not challenging the facial constitutionality of any state statute – in fact his First Amended Complaint argues that the state statutes are not being followed. (ECF 39, ¶ 49;

53-4). Rather, he is arguing that the decision of the Colorado court in and of itself violates his due process rights.

If this Court were to grant Plaintiff's requests for relief, any Order would necessarily directly invalidate the State Court ruling in violation of the Rooker-Feldman doctrine. *See also Alvarez v. Attorney General for the State of Fla.*, 679 F.3d 1257, 1262-63 (11th Cir. 2012); *Huey v. Kunzweiler*, No. 20-CV-0021-CVE-FHM, 2020 WL 1325359, at *4-5 (N.D. Okla. Mar. 20, 2020) (footnote omitted), *aff'd*, 847 F. App'x 530 (10th Cir. 2021); *Pickens v.Kunzweiler*, No. 15-CV-504-JHP-PJC, 2016 WL 1651821, at *3 (N.D. Okla. Apr. 25, 2016).

Plaintiff already sought a ruling for DNA testing in Colorado State Court. Although he has *slightly* reframed that relief here to seek an injunction preventing the destruction of DNA evidence, his requests for relief are nonetheless a direct challenge of a state court ruling.

**2.  Plaintiff does not allege an adequate Cause of Action as to "Chief Smith"**

The only factually based assertion against Defendant Smith is that he "(u)pon belief, Defendant Smith is aware of Mr. Hunter's actual and factual innocence but has conspired with local law enforcement to prevent the testing of all biological evidence that could substantiate Mr. Hunter's actual innocence with the intent and understanding to prevent a collateral attack; thereby, depriving him of due process guaranteed under the Fourteenth Amendment. Defendant Smith is being sued in his

official capacity". (ECF 39, ¶¶ 8). Notably, there is no specific factual allegation of any action against Defendant Smith (beyond the incredibly threadbare "conspired with (others)").

Conspiracy requires a factual basis beyond mere assertion that "a conspiracy exists". To properly allege a conspiracy, a putative plaintiff must allege more than some parallel conduct and a conclusory and speculative allegation that defendants must have reached an agreement. *Twombly*, 550 U.S. 544, 556-57 (2007). Without more, parallel conduct does not suggest conspiracy and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. *Id*. A Plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). Here, the sole allegation against "Chief Smith" is that he "conspired with local law enforcement to prevent testing" despite being "aware of Mr. Hunter's actual and factual innocence". There are no factual allegations concerning any agreement or action, nor is there any factual allegation as to why two former and retired police officers would be involved in this action in any way. Thus, Plaintiff has not properly alleged facts sufficient to establish his sole claim as it relates to Defendant Smith. This sparse alleged factual basis does not begin to fulfill the requirements for a properly pled complaint for either individual action or conspiracy.

### 3. Plaintiff's claims are also barred by the Heck doctrine.

Under the Heck doctrine, a state prisoner's § 1983 action is barred no matter the relief sought or the target of the prisoner's suit if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (citing *Heck v. Humphrey,* 512 U.S. 477, 478 (1994)). This includes requests for declaratory and injunctive relief. *Lawson v. Engleman*, 67 F. App'x 524, 526 (10th Cir. 2003).

The state courts have denied essentially the same relief Plaintiff now seeks from this Court: additional DNA evidence testing. Thus, the Heck doctrine is a complete bar to such claims.

## CONCLUSION

For the foregoing reasons, this Court does not have jurisdiction under Fed. R. Civ. P. 12(b)(1) and fails to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6). Accordingly, this complaint must be dismissed as to Defendant Smith.

Dated this 22nd day of February, 2024.

/s/ Alex Dorotik
Alexander James Dorotik
480 S. Allison Pkwy
Lakewood, CO 80226
(303) 987-7456/Fax: (303) 987-7671
adorotik@lakewood.org
*Attorney for Defendant Smith*

## **CERTIFICATE OF SERVICE**

I certify that on this 22nd day of February, 2024, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.

*/s/ Alex Dorotik*