IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02989-DDD-MEH

JAMES HUNTER,

    Plaintiff,

v.

ALEXIS KING, District Attorney for the First Judicial District, in her official capacity, et al.,

    Defendants.

---

**FIRST JUDICIAL DISTRICT ATTORNEY ALEXIS KING AND
JEFFERSON COUNTY SHERIFF REGINA MARINELLI'S
MOTION TO STAY DISCOVERY**

---

District Attorney Alexis King and Jefferson County Sheriff Regina Marinelli (the "District Attorney" and the "Sheriff," respectively; collectively, the "County Defendants") move stay discover in this case pending the resolution of their Motion to Dismiss [ECF 43] the First Amended Complaint [ECF 39].

### D.C.COLO.LCivR 7.1 Certification

Plaintiff opposes this motion. The other served Defendants join in this motion.

### BACKGROUND

Nearly 22 years ago, the Lakewood Police Department arrested Mr. Hunter and charged him with various felony crimes, all of which a jury ultimately convicted him. (ECF 39, ¶¶ 12-13); *see also* Jefferson County Court Case 2002CR3254 Docket Report.[1] Following his 2004

---

[1] Mr. Hunter was convicted of multiple felonies, including burglary and sexual assault. The docket from his criminal case in the Jefferson County District Court is attached as Ex. A to the County Defendants' Motion to Dismiss [ECF 43-1].

1

conviction, Mr. Hunter pursued a series of appeals in Colorado's state courts. Most recently, the Colorado Court of Appeals affirmed the state trial court's order denying Mr. Hunter's petition for new DNA testing. *People v. Hunter*, 20CA0993 (Colo. App. Jan 27, 2022) (unpublished) ("COA Op."). In May 2022, the Colorado Supreme Court declined to review that decision, and Mr. Hunter's criminal convictions stand. (ECF 39, ¶ 39.)

Mr. Hunter then filed this action, seeking a declaration that Defendants have violated his due process rights, as well as an order to preserve and provide Mr. Hunter with access to certain evidence for DNA testing. After the County Defendants moved to dismiss, Plaintiff filed an amended complaint. The Amended Complaint dismissed some of the law enforcement Defendants and then added the allegations of paragraphs 61-63. Those are the only additional allegations against the County Defendants.

Mr. Hunter brings a single due process claim and alleges that the County Defendants, among others, conspired with unnamed individuals to prevent DNA sample testing and concealed information regarding identification evidence. (*Id*. ¶¶ 5, 7, 43-63.) He also alleged that DA King attempted to "cover up" Defendant Woods' and other' "fabrication of evidence." (*Id*. ¶ 63.) The County Defendants are contemporaneously moving to dismiss on the ground that (1) the Sheriff's Office was not the law enforcement agency responsible for investigating or arresting Mr. Hunter, and it is not, and has never been, the custodian of any associated DNA evidence; (2) the District Attorney likewise is not, and has never been, the custodian of such evidence; (3) *Heck v. Humphrey*, 512 U.S. 477, 478 (1994), the Rooker-Feldman Doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and res judicata bar Mr. Hunter's claims against the County Defendants; and (4) Mr. Hunter has

2

failed to allege sufficient facts to show a conspiracy or any policy or custom of the County Defendants that would give rise to official-capacity liability. *See* ECF 43.

## ARGUMENT

Although the "Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings," Rule 26(c) "permit[s] the court to 'make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense.'" *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:20-cv-01934-LTB-PAC, 2006 WL 894955, *2 (D. Colo. Mar. 30, 2006) (quoting FED. R. CIV. P. 26(c)). "The Court's discretion to stay proceedings arises from its power to control its own docket." *Lane v. Yohn*, No. 12-cv-02183-MSK-MEH, 2012 WL 4928216, *1 (D. Colo. Oct. 15, 2012) (citing *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)). A court may consider whether to stay discovery based on the following factors:

> (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Lane*, 2012 WL 4928216, at *2 (quoting *String Cheese Incident*, 2006 WL 894955, at *2; citing *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980)). And where, as here, there is a challenge to the court's subject matter jurisdiction, the presumption is in favor of a stay. *See Wyers Prods. Group v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, *2 (D. Colo. June 7, 2013) ("[D]ecisions from this District have concluded that stays are generally favored when a jurisdictional defense under Rule 12(b)(1) is asserted." (citation omitted, emphasis original)). These factors weigh in favor of staying discovery in this case pending the resolution of the County Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6).

3

Because the County Defendants challenge the Court's subject matter jurisdiction, a stay is presumptively favored. An analysis of the *String Cheese* factors lends further support to this presumption. The first two factors balance Mr. Hunter's presumed desire to proceed expeditiously in this case against the burden on the County of proceeding forward. *String Cheese Incident*, 2006 WL 894955, at *2. Here, the burden on the County outweighs Mr. Hunter's interests, particularly where this case concerns a conviction that is almost 22 years old. Although the County does not dispute that, "[l]ike any litigant, plaintiff has a general interest in proceeding expeditiously . . . and in avoiding unnecessary delay," *Lane*, 2012 WL 4928216, at *2, Mr. Hunter will not be able to assert any particular prejudice from a stay in this case. As referenced in the County Defendant's Motion to Dismiss, he has pursued direct and collateral attacks on his conviction, with the most recent one being denied by the Colorado Supreme Court in May 2022. Throughout his trial, appeals, and post-conviction remedies, he has already received all relevant documentation that could possibly be in the possession of the County Defendants.

Regarding the burden on the County, this Court's grant of the Motion to Dismiss, which sets forth multiple independent bases for dismissal of the Complaint, would resolve this case in its entirety. As a result, "there is a distinct possibility that the discovery efforts of Defendant[] (and, in truth, Plaintiff) may be wasted entirely if the case does not survive early dismissal." *Id.* at *3. As a result, a balancing of the first and second factors weighs in favor of a stay.

The third factor also favors a stay as the Court's convenience will also be served by a stay of discovery while it determines whether Mr. Hunter's claim survives the Motion to Dismiss. *See Bassett v. CDOC Employee*, No. 13-cv-03391-MJW, 2014 WL 2974982, *2 (D. Colo. July 2, 2014) ("A stay of discovery pending the determination of a dispositive motion is an eminently

4

logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotations and citations omitted)).

With respect to the fourth and fifth factors, given the age of the underlying conviction, the rights of those third parties would not be negatively impacted by the requested stay. Moreover, the County is not aware of any discernible public interest that would be negatively impacted by the requested stay. However, "to the extent the public is interested in reducing the workload of the Court" and in judicial economy through the efficient use of the Court's resources, the fifth factor also weighs in the County's favor. *Lane*, 2012 WL 4928216, at *3. Thus, the factors weigh in favor of granting a stay of discovery in this case.

## CONCLUSION

The County Defendants respectfully request that this Court stay discovery until it resolves the County's pending Motion to Dismiss.

Respectfully submitted this 23rd day of February, 2024.

JEFFERSON COUNTY ATTORNEY'S OFFICE

 *s/Amy L. Padden*
Rebecca P. Klymkowsky
Assistant Deputy County Attorney
Amy L. Padden
Assistant County Attorney
100 Jefferson County Attorney's Office
Golden, Colorado 80419
T: 303.271.8900
E: rklymkow@jeffco.us
apadden@jeffco.us
*Attorneys for the District Attorney and the Sheriff*

Pursuant to DDD Civ. P.S. III(A)(1) and (A)(4), I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in the Court's Practice Standards that it contains no more than 4,000 words.

 *s/ Amy L. Padden*
Amy L. Padden

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2024, a copy of the foregoing was filed via ECF and served electronically on all counsel of record.

*s/ Amy Padden*
Amy Padden