IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-CV-02989-DDD-MEH

JAMES HUNTER,

    Plaintiff,

v.

ALEXIS KING, et al.,

    Defendants.

___

**OBJECTION TO DEFENDANTS' MOTION TO STAY DISCOVERY [DOC# 44]**
___

Plaintiff James Hunter, by and through council Kenneth Mark Burton, of the Law Office of Mark Burton PC, respectfully moves the Court to deny the First Judicial District Attorney Alexis King and Jefferson County Sheriff Regina Marinelli's Motion to Stay Discovery [DOC# 44], ("Defendants' Motion") which has been joined by the other defendants, as the wrongfully imprisoned Plaintiff has waited 22 years to access the discovery and requires this access to show his innocence.  As grounds:

**FACTUAL SUMMARY**

Mr. Hunter, in the interests of efficiency, does not provide another factual summary but asks the Court to rely on the Factional Background in the operative complaint [DOC # 39, pp. 7-13] which he incorporates herein.

**LEGAL STANDARD**

Whether to stay discovery is a matter left to the sound discretion of the trial court. Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, but the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) (citing Kansas City S. Ry. Co. v. United States, 282 U.S. 760, 763 (1931)). In determining whether a stay is appropriate, the court considers the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, the burden on the defendant in proceeding in the action, and the convenience to the court, as well as the interests of non-parties and the public. String Cheese Incident, LLC v. Stylus Shows, Inc., No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing FDIC v. Renda, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Courts in this District generally disfavor the stay of all discovery. See Wason Ranch Corp. v. Hecla Mining Co., No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007).  5 5Cooper v. Shelter Gen. Ins. Co., Civil Action 21-cv-02957-REB-NYW (D. Colo. Apr 07, 2022)

## ARGUMENT

When determining whether a stay of discovery is appropriate, courts consider several factors. In the District of Colorado, courts often look to the "String Cheese factors" from String Cheese Incident, LLC v. Stylus Shows, Inc., No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing FDIC v. Renda, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). The factors are:

> (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

The Plaintiff discusses these factors as follows:

1. **Plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay.**

    Mr. Hunter is a wrongfully convicted prisoner in the State of Colorado. He has now been wrongfully incarcerated for 22 years and has a great interest in proceeding expeditiously in this case. The Defendants stated in their Motion for a Stay of Discovery that Mr. Hunter would not suffer prejudice if a stay on discovery was granted. What the defendants fail to understand is that every day that the Plaintiff spends in prison for a crime he didn't commit is prejudicial.

Mr. Hunter is highly motivated to actively pursue this case and to gain access to exculpatory evidence in this case.  The Plaintiff has a great interest in proceeding expeditiously**.** This factor is strongly in favor of not granting a stay of discovery.

**2. The burden on the defendant.**

Plaintiff does not believe that if the Court denies the request for a stay on Discovery that there will be any undue burden on the Defendants.  Regarding Defendant Alexis King she is the district attorney in the jurisdiction that handled the Plaintiff's criminal case that led to his wrongful conviction.  The other defendants cooperate closely with her. The Duty of a prosecutor is to seek justice, not merely convict. Singer v. United States, 380 U.S. 24, 85 (1965).  One would hope that the defendants (who all cooperate with the prosecution) would take this admonition from the Supreme Court seriously and work with an indigent, wrongly convicted prisoner, to access the discovery he needs to advance his claim of innocence.  This is not a great burden for the plaintiffs.

The Defendant are correct that whether any motion to dismiss that is jurisdictional in nature is a factor in this analysis. String Cheese, supra. That is as if the case is to be dismissed the defendant is subject to more work than is necessary Id.

However, there are no issues here that present any risk of dismissal in this case. Plaintiff plans to file responses to defendants' motions to dismiss but will briefly comment here.  The defendants have filed motions claiming violations of the Rooker-Feldman Doctrine and the Heck Rule.

The Plaintiff's complaint is anchored in the case of Skinner v. Switzer, 562 U. S. 521, 525, 131 S. ct. 1289, 179 L. Ed. 2d 233 (2011). The Skinner court specifically ruled that the Rooker-Feldman Doctrine was inapplicable as, like in Mr. Hunter's complaint, the Plaintiff in that case was not attacking the state court judgments but only the state process Skinner, 562 U.S. at 531-532.

This is also case with the Heck rule argument. The Skinner court again found that the Heck rule was not applicable in a case such as this case. Skinner, 562 U.S. at 533 -536. In *Heck v. Humphrey*, 512 U.S. 477 (1994) the Supreme Court held that a plaintiff could not bring civil rights claims for damages under § 1983 based on actions whose unlawfulness would render an existing criminal conviction invalid. Again, as in Skinner, supra, the Plaintiff in this case is not seeking damages nor is he seeking to impugn the state court judgment and, therefore the Heck rule is inapplicable. He is simply asking that as a matter of Due Process he be given access to exculpatory evidence.

The above issues raised by the defendants in their motions to dismiss are so clearly inapplicable that it would be easy to conclude that they were brought in bad faith only to support a stay on discovery to further frustrate the Plaintiff in accessing exculpatory evidence. In any case, because the motions to dismiss are not likely to result in dismissal, this factor (2) does not add weight to the balance in favor of granting a stay on discovery.

3. **The convenience to the court;**

The Plaintiff asserts that there is neither convenience nor inconvenience to the Court if the

stay on discovery is not granted. Mr. Hunter doesn't believe that this factor is important in this determination.

4. **The interests of persons not parties to the civil litigation.**

The Plaintiff know of no other persons whose interest would be affected by denying the stay on discovery.

5. **The public interest.**

"In this case, the Plaintiff is seeking to preserve the truth-seeking process and correct a miscarriage of justice through the use of DNA testing, which is the only true way to prove that Mr. Hunter was framed by law enforcement. The Public has a vested interest in finding out the truth of whether Mr. Hunter is actual and factually innocent. Nothing is gained by closing our eyes to this miscarriage of justice and pretending that Due Process exists, where the Defendants are actively working to prevent the testing of biological evidence that will prove Mr. Hunter's actual and factual innocence. Society has never for a second accepted the notion that wrongfully convicted citizens belong being bars, and to deny a citizen his liberty interest in effectively proving his innocence through the testing of biological evidence is to intentionally violate a citizen's constitutional rights, which the Public has a vested interest in preventing. See Awad v. Ziriax, 670 F.3d 1111, 1132 (10th Cir. 2012)." [Doc # 48, p. 12]. The public interest factor weighs heavily in favor of denying the motion to stay discovery.

## CONCLUSION

The Plaintiff above has analyzed the String Cheese factors above, that courts use to

Determine whether to grant or deny a request for a stay on discovery. In the District of Colorado, the granting of stays on discovery is generally disfavored. See Wason Ranch Corp. v. Hecla Mining Co., No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007). 5 5Cooper v. Shelter Gen. Ins. Co., Civil Action 21-cv-02957-REB-NYW (D. Colo. Apr 07, 2022)

    Factor one, concerning the Plaintiff's interest in proceeding expeditiously in this case, combined with factor 5, the public interest give great weight towards denying a stay on discovery. Factors 3 and 4 do not really enter the equation in this case. At first glance, factor (burden on defendant), appears to add som weight to the argument favoring a stay on discovery, due to outstanding motions to dismiss. Bu with a closer look, these motions are not likely to be successful and factor 2 does not give weight to the request for a stay on discovery. The factors overwhelmingly tilt towards the denial of a stay of discovery.The Plaintiff asks this Court to deny the request for a stay on discovery and to allow the case to proceed expeditiously.

.

Respectfully submitted this 1st day of March 2024.

        /s K. Mark Burton_____
        Kenneth Mark Burton
        ATTORNEY AT LAW
        The Law Office of Mark Burton,
        1175 Street, Suite 210
        Denver CO, 80204
        Phone 303-517-1187

Fax 303-379-3922
Email: burtonslaw2000@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March 2024, I served a true and correct copy of the foregoing: **OBJECTION TO DEFENDANTS' MOTION TO STAY DISCOVERY [DOC# 44]** with the Clerk of the Court by CM/ECF system and to all attorneys of record.

/s Kenneth Mark Burton
**Kenneth Mark Burton**