# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02989-DDD-MEH

JAMES HUNTER,

    **Plaintiff,**

v.

ALEXIS KING, District Attorney for the 1st Judicial District, in her official capacity.

CHRIS SCHAFFER, Director of the Colorado Bureau of Investigation, in his official capacity,

REGGIE MARINELLI, Sheriff of the Jefferson County Sheriff's Department, in his official capacity,

CHIEF SMITH, Chief of Police for the Lakewood Police Department, in his official capacity; and

YVONNE M. WOODS, Officer, laboratory technician of the Colorado Bureau of Investigation, in her individual capacity.

    **Defendants.**

---

## PROPOSED SCHEDULING ORDER

---

### 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

    A Scheduling Conference in this case is set on March 13, 2024, at 2:15 pm, before Magistrate Judge Hegarty. The following counsel will attend:

Kenneth Mark Burton
ATTORNEY AT LAW
The Law Office of Mark Burton, PC
1175 Osage Street, Suite 210

Denver, CO 80204
Phone 303.517-1187
Fax 303.379-3922
*Email: burtonslaw2000@yahoo.com*
*Attorney for Plaintiff*

Rebecca P. Klymkowsky
Assistant Deputy County Attorney
Amy L. Padden
Assistant County Attorney
100 Jefferson County Attorney's Office
Golden, Colorado 80419
T: 303.271.8900
*E: rklymkow@jeffco.us*
*apadden@jeffco.us*
*Attorneys for the District Attorney and the Sheriff*

*Alex Dorotik*
*Deputy City Attorney*
*City of Lakewood*
*480 S. Alison St.*
*Lakewood, CO 80226*
*303-987-7456*
*adorotik@lakewood.org*
*Attorney of "Chief Smith"*

Kelley M. Dziedzic
Assistant Attorney General II
Cole Woodward
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO  80203
T: 720-508-6647 (Dziedzic)
T: 720-508-6602 (Woodward)
Kelley.Dziedzic@coag.gov
Cole.Woodward@coag.gov
Attorneys for Director Chris Schaefer


Scott A. Neckers
Attorney
Overturf McGath & Hull, P.C.
625 E. 16th Ave.

Denver, CO 80203
303-860-2848
san@omhlaw.com
Attorney for Defendant Yvonne M. Woods

## 2.  STATEMENT OF JURISDICTION

This action arises under the Constitution of the United States and Title 42 U.S.C. 1983. Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. 1331, 28 U.S.C. 2201. Plaintiff's claim for injunctive and declaratory relief is authorized under 28 U.S.C. 2283, 2284 and Fed.R.Civ.P. 57 and 65.

The Defendants challenge jurisdiction as set forth in their motions to dismiss.

Venue is proper in this Court pursuant to 28 U.S.C. 1391(b), as all the events giving rise to this action occurred in the State of Colorado.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff:[1]

Plaintiff is hereby bringing a single claim against the Defendants—Violation of Due Process—14th Amendment Violation. (denial of access to constitutional material evidence required for DNA testing)

The cause of action in this case is the denial of due process, and the request for the fair administration of justice through proper access to evidence and testing that could substantiate the actual and factual innocence of the Plaintiff. Mr. James Hunter, the Plaintiff, is 64-year-old gentleman that has maintained his innocence for 21 years. The dynamics of this case meet the quintessential

---

[1] Plaintiff Mr. Hunter hereby incorporates by reference his amended complaint [ECF#39], pp. 1-19

circumstances in which the State of Colorado should yield in the interest of justice and allow Mr. Hunter to have access to DNA and print identification evidence to substantiate his factual innocence.

A post-conviction claim for DNA and finger/palm print testing is properly pursued in a 42 U.S.C. 1983 action. The success of this claim gains Mr. Hunter only access to untested biological evidence for DNA testing, which may prove exculpatory, inculpatory, or inconclusive. In no event will a judgment that simply orders DNA tests, here, necessarily imply the unlawfulness of the State's custody. *Skinner v. Switzer, 562 U. S. 521, 525, 131 S. ct. 1289, 179 L. Ed. 2d 233 (2011).* As such, the Heck rule has no applicability here. See *Heck v. Humphrey, 512 U.S. 477, 114 S. Ct.2364, 129L. Ed. 2d 383 (1994).*

A procedural due process claim consists of two elements: (i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process. *Reed v. Goertz, 143S. Ct. 955, 961 (April 19, 2023).*

Mr. Hunter has a liberty interest in utilizing state procedures to obtain reversal of his conviction and/or to obtain a pardon or reduction of sentence in clemency proceedings with the Governor of Colorado under the Fourteenth Amendment to the constitution of the United States.

The access to biological evidence and testing of this evidence was never properly afforded to Mr. Hunter due to the conspirator and abusive conduct of the Defendants, and Defense Counsel ineffectiveness. Moreover, the development of DNA science from the outset of this litigation was undeveloped and therefore

unavailable to Mr. Hunter. Therefore, any lack of testing of the subject's biological evidence is not due to lack of diligence on Mr. Hunter's part.

Mr. Hunter submits this scheduling order pursuant to court order and Fed. R. Civ P. 26 but hereby gives notice that pursuant to his request for Preliminary Injunction [DOC#48] and, if granted, may be asking the Court to deviate from the timelines stated herein.

b.   Defendant(s):

**The County Defendants:** The County Defendants moved to dismiss on the grounds that the Sheriff's Office was not the law enforcement agency responsible for investigating or arresting Mr. Hunter, and it is not, and has never been, the custodian of any associated DNA evidence; the DA likewise is not, and has never been, the custodian of such evidence; *Heck v. Humphrey*, 512 U.S. 477, 478 (1994), the Rooker-Feldman Doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and res judicata bar Mr. Hunter's claims; and Mr. Hunter has failed to allege sufficient facts to show a conspiracy or any County Defendant's unconstitutional policy or custom for municipal liability

**"Chief Smith":** Chief Smith has filed a motion to dismiss asserting that the Rooker-Feldman doctrine is a complete defense as Plaintiff's entire claim is based on the notion that Colorado courts have misapplied their own statutes and have otherwise "gotten it wrong" not that the statutory scheme is unconstitutional. Further, Defendant Smith asserts that the Heck doctrine and res judicata are also complete bars to Plaintiff's claims.

**Director Schaefer:** Director Schaefer waived service on February 26, 2024, and his responsive pleading is due on or before April 19, 2024. Director Schaefer anticipates filing a motion to dismiss on the grounds that Plaintiff's claims are barred by the Rooker-Feldman Doctrine, *Heck v. Humphrey*, and the doctrine of res judicata. Director Schaefer also anticipates arguing that Plaintiff's First Amended Complaint fails to allege sufficient facts to state a plausible conspiracy claim.

**Defendant Woods:** Defendant Woods filed a motion to dismiss on February 29, 2024, setting forth jurisdictional arguments based on the Rooker-Feldman doctrine, given that the instant action is a collateral federal attack on a state judgment. Plaintiff has also failed to state a claim against Defendant Woods, because Woods does not have custody or control over the DNA evidence plaintiff seeks, and Plaintiff's claims against Woods do not meet the "plausibility" standard for pleading.

    c.    Other Parties: None.

### 4. UNDISPUTED FACTS

There is no agreement as to any undisputed facts between the parties.

### 5. COMPUTATION OF DAMAGES

Plaintiff is seeking purely injunctive and declaratory relief, and any further relief that this Court deems justice and proper under applicable law.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a.    The interested parties have yet to confer pursuant to *Rule 26(f)*.

b. Plaintiff Hunter will submit initial disclosures by March 27th, 2024.

c. The parties do not anticipate that this action will be resolved without a trial.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules. None

b. Parties have agreed that each party will be limited to a total of seven hours per deposition.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission: Plaintiff proposed that each side be limited to 25 interrogatories, 25 requests for production and 25 requests for admissions.

d. Other Planning or Discovery Orders: None

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: May 7, 2024.

b. Discovery Cut-off: September 9, 2024.

c. Dispositive Motion Deadline: September 9, 2024

d. Expert Witness Disclosure:

> a. Plaintiffs anticipate that they may name four experts in the fields of law enforcement practices, damages, and medical and mental health. The County Defendants do not anticipate any experts in this case. Director Schaefer does not anticipate any experts in this case. Defendant Woods does not anticipate endorsing experts in this case but submits that damages and medical/mental health are outside the scope of the litigation and would not require related expert testimony at trial.
>
> b. Limitations which the parties propose on the use or number of expert witnesses: Plaintiffs propose four experts on each side. The County Defendants propose two. Director Schaefer proposes two. Defendant

      Woods proposes two.

      c.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June17, 2024.

      d.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P.  26(a)(2) on or before July 17, 2024.

e. All Depositions must be completed by August 7, 2024.

f. Deadline for Interrogatories: Interrogatories may be served no later than August 7, 2024.

g. Deadline for Requests for Production of Documents and/or Admissions may be served no later than August 7, 2024.

## 10. DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times:

    _____.

    b. A final pretrial conference will be held in this case on _____ at ___ o'clock _m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

    a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. None, other than the motion to stay discovery.

  b. Anticipated length of trial and whether trial is to the court or jury.
- Plaintiff:  5 days.
- County Defendants believe that this case can be completed in a 2-day bench trial. Defendant Smith believes that there is not a dispute as to any material facts, thus, this case can be adjudicated by summary

    judgment. However, if any material facts arise, they can be addressed in a 2-day bench trial Defendant Schaefer concurs with Defendant Smith's position, as does Defendant Woods.

 c. Identify pretrial proceedings, as to where pretrial proceedings may be efficiently or economically conducted in the District Court's facilities at …

  There is no agreement as to an alternative facility.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

 The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(d). by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

 Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

 With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

 Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

*The Scheduling Order may be altered or amended only of showing of good cause.*

DATED at Denver, Colorado, this_____day of_____, 2024.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s Kenneth Mark Burton

Kenneth Mark Burton
1175 Osage St., Suite 210, Denver CO 80204
303-517-1187
Attorney for Plaintiff

Rebecca P. Klymkowsky
Assistant Deputy County Attorney
Amy L. Padden
Assistant County Attorney
100 Jefferson County Attorney's Office
Golden, Colorado 80419
T: 303.271.8900
E: rklymkow@jeffco.us
apadden@jeffco.us
*Attorneys for the District Attorney and the Sheriff*

*Alex Dorotik*
*Deputy City Attorney*
*City of Lakewood*
*480 S. Alison St.*
*Lakewood, CO 80226*
*303-987-7456*
*adorotik@lakewood.org*
*Attorney of "Chief Smith"*

Kelley M. Dziedzic
Assistant Attorney General II
Cole Woodward
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO  80203
T: 720-508-6647 (Dziedzic)
T: 720-508-6602 (Woodward)
Kelley.Dziedzic@coag.gov
Cole.Woodward@coag.gov
Attorneys for Director Chris Schaefer

Scott A. Neckers
Attorney
Overturf McGath & Hull, P.C.
625 E. 16th Ave.
Denver, CO 80203
303-860-2848
san@omhlaw.com
Attorney for Defendant Yvonne M. Woods

*This proposed order was submitted without the signatures of the plaintiffs as there was some issues about stipulated facts and not hearing back laters in the evening plaintiff filed this proposed order per court order.*