# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02989-DDD-MEH

JAMES HUNTER,

                Plaintiff,

v.

ALEXIS KING;
CHRIS SCHAFFER;
REGGIE MARINELLI;
CHIEF SMITH;
YVONNE M. WOODS;

                Defendants.

---

## RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

---

"Chief Smith" hereby files this response to Plaintiff's Motion for Preliminary Injunction.

### ARGUMENT

**1. Four of Plaintiff's requests for relief are improper for a Preliminary Injunction.**

The purpose of a preliminary injunction is "to enjoin, pending the outcome of the litigation, action that [the plaintiff] claims is unlawful." *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.* 527 U.S. 308, 314 *(1999)*. Preliminary injunctions have the "limited purpose" of preserving the relative positions of the

parties until a trial on the merits can be held. University of Texas v. Camenisch 451 U.S. 390, 395 (1981).

Plaintiff requests the following relief:

A. That any and all defendants including their agents be restrained from modifying, concealing, and or destroying any evidence including biological evidence, related to the James Hunter criminal case, case number, 02CR354 (Jefferson County);

B. That the defendants and their agents turn over all exculpatory or material evidence forthwith, including: the complete and unredacted internal reports related to defendant Woods testing practices and, or, criminal activity;

C. Leave to conduct deposition of each of the defendants including Yvonne Woods;

D. Leave to conduct DNA testing of all biological evidence currently in the defendant's passion; and

E. Access to a detailed report identifying each of the basis for Yvonne Woods release from Colorado Bureau of Investigations, including information related to the improper testing methods and protocols used in Mr. Hunter criminal case related to identification.

Requests B, C, D, E are not proper as they are not intended to maintain the status quo or to enjoin any action on the part of the Defendants. B, C, and E appear to be discovery requests. D is an apparent request that Defendants give items of evidence to Plaintiff and that Plaintiff be allowed to test them (it is unclear why Plaintiff believes that he would need an order to conduct such testing if he were to have possession of said items). Thus, requests B, C, D, and E should be denied without consideration of their merits as they are not proper requests for a preliminary injunction.

2. **Plaintiff's Request A is also the current law in Colorado.**

C.R.S. §18-1-1101 et. sec. requires that all evidence containing DNA be retained for the life of the Criminal Defendant.[1]  Of course, Defendant plans to follow existing Colorado law.  Thus, any order concerning this request will have no real effect as Defendant is forbidden by law from engaging in any action that Plaintiff here seeks to enjoin.

**3.  Notwithstanding the forgoing, Plaintiff cannot establish grounds for preliminary injunction**.

To obtain a preliminary injunction, the moving party must establish, by clear and convincing evidence: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury to the moving party outweighs the harm that the relief may cause to the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002).

As stated in far greater depth in Defendant's currently pending Motion to Dismiss, Plaintiff's claims, generally, are barred by the Rooker-Feldman doctrine, as well as the Heck doctrine and res judicata.  Additionally, Plaintiff specifically fails to

---

[1] In relevant part, C.R.S. §18-1-1102 (1)(b) states "The filed charges resulted in a conviction for a class 1 felony or for a sex offense that carries an indeterminate sentence pursuant to section 18-1.3-1004;" and C.R.S. §18-1-1103 (2) states "Except as provided in sections 18-1-1105 to 18-1-1107, a law enforcement agency that collects DNA evidence in conducting a criminal investigation that results in a conviction listed in section 18-1-1102 (1) shall preserve the DNA evidence for the life of the defendant who is convicted."

state a valid claim against "Chief Smith" as Plaintiff does not allege specific facts against "Chief Smith" sufficient to establish a claim.

As to the Rooker-Feldman doctrine, a Plaintiff cannot state a cause of action by arguing that a state court was wrong. He must argue that the state statutory scheme is unconstitutional. Here, Plaintiff does not allege that there is a constitutional violation in the Colorado statutory scheme. Rather he argues, in his First Amended Complaint, that the state statutes are not being followed. (ECF 39, ¶ 49; 53-4). Thus, Plaintiff cannot show a likelihood of success on the merits.

Additionally, Plaintiff cannot show irreparable harm as there will be no change in the status quo if the preliminary injunction is denied. At current, Plaintiff is incarcerated. The DNA evidence is, as required by state law, being preserved.

## CONCLUSION

For the foregoing reasons, this Court must deny Plaintiff's request for a Preliminary Injunction.

Dated this 7th day of March, 2024.

/s/ Alex Dorotik
Alexander James Dorotik
480 S. Allison Pkwy
Lakewood, CO 80226
(303) 987-7456/Fax: (303) 987-7671
adorotik@lakewood.org
*Attorney for Defendant Smith*

## **CERTIFICATE OF SERVICE**

I certify that on this 7th day of March, 2024, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.

*/s/ Alex Dorotik*