## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-2989-DDD-MEH

JAMES HUNTER

      Plaintiff,

v.

ALEXIS KING, District Attorney for the 1st Judicial District, in her official capacity

CHRIS SCHAFFER, Director of the Colorado Bureau of Investigation, in his official capacity

REGGIE MARINELLI, Sherrif of the Jefferson County Sheriff's Department, in his official capacity,

CHIEF SMITH, Chief of Police for the Lakewood Police Department, in his official capacity; and,

YVONNE M. WOODS, Officer, laboratory technician of the Colorado Bureau of Investigation in her individual capacity,

      Defendants.

_____

## DEFENDANT YVONNE M. WOODS'S RESPONSE TO PLAINTIFF'S PETITION FOR PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65

_____

      Defendant Yvonne M. Woods, by and through her attorneys Overturf McGath & Hull, P.C., hereby submits her Response to Plaintiff's Petition for Preliminary Injunction Pursuant to Fed. R. Civ. P. 65 and in support states as follows:

### I.      INTRODUCTION

      Plaintiff James Hunter ("Plaintiff") was convicted of second-degree burglary and sexual assault nearly twenty years ago in Jefferson County District Court case number 02CR354. (ECF

39 at ¶ 12.) He then engaged in several unsuccessful attempts to have evidence re-tested through Colorado's state courts. Most recently, Plaintiff filed a petition for new DNA testing pursuant to C.R.S. § 18-1-413, which the trial court denied. (*See* ECF 47, Ex. A.) The Colorado Court of Appeals affirmed the trial court's denial of Plaintiff's request on January 27, 2022, and the Colorado Supreme Court declined to review that decision in May of 2022. (ECF 47, Ex. B; ECF 39, ¶ 39). In the instant case, Plaintiff improperly brings a collateral federal attack on the state court judgment. All of the Defendants have moved to dismiss.

Now, Plaintiff seeks a preliminary injunction based on alleged violations of his Due Process rights related to post-conviction DNA testing. Specifically, Plaintiff alleges that the Defendants unconstitutionally conspired to deprive him of due process by concealing and/or destroying evidence that would prove his actual innocence. (ECF 48 at p. 6–7.) However, Plaintiff cannot show that a preliminary injunction would be proper and thus, his Petition should be denied.

## II.      STANDARD OF REVIEW

"The purpose of a preliminary injunction under Fed. R. Civ. P. 65 is to preserve the status quo between the parties pending a final determination on the merits." *McDonough v. Widnall*, 891 F. Supp. 1439, 1447 (D. Colo. 1995) (citing *University of Texas v. Camenisch*, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981)). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001) (citing *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir.2001)).

"The burden is on the movant to make a prima facie showing of a probable right to the ultimate relief and a probable danger of injury if the motion is denied." *McDonough*, 891 F. Supp.

at 1447 (citing *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980)). Generally, a movant seeking a preliminary injunction must establish that the following four elements tip in his favor in order to succeed:  "(1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest." *Id.* (citing *Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1065–66 (10th Cir.2001)).

### III.    ARGUMENT

This Court should deny Plaintiff's Petition for Preliminary Injunction because he seeks injunctive relief that is disfavored by the judiciary, and he has not shown either a likely irreparable harm or a likelihood of success on the merits that could overcome that disfavor.

### A.  The Requested Injunction is Disfavored by Courts

Courts disfavor certain preliminary injunctions. "Disfavored preliminary injunctions don't merely preserve the parties' relative positions pending trial." *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019). "Instead, a disfavored injunction may exhibit any of three characteristics: (1) it mandates action (rather than prohibiting it), (2) it changes the status quo, or (3) it grants all the relief that the moving party could expect from a trial win." *Id.* (citing  *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012). "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1261 (10th Cir. 2005). To get a disfavored injunction, the moving party faces a heavier burden on the likelihood-of-success-on-the-merits and

the balance-of-harms factors: She must make a "strong showing" that these tilt in her favor. *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019) (citing *Fish v. Kobach*, 840 F.3d 710, 724 (10th Cir. 2016) (In seeking a disfavored injunction, "the movant must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms.")).

Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." *Schrier*, 427 F.3d at 1259. As a result, mandatory injunction "place the issuing court in a position where it may have to provide ongoing supervision to assure the nonmovant is abiding by the injunction." *Id.* In *Schrier v. University of Colorado,* the movant alleged that the university terminated his appointment as the Chair of the Department of Medicine as retaliation for certain public statements. *Id.* As part of his federal suit, movant filed a motion for a preliminary injunction seeking reinstatement as the Chair of the Department of Medicine. *Id.* The district court denied the injunction and the Tenth Circuit affirmed, noting that the injunction was mandatory rather than prohibitive because the requested relief would have required the university to act in a particular way and would place the court in a position where it may have to provide supervision. *Id.* at 1261.

Here, Plaintiff seeks a preliminary injunction requiring "the defendants and their agents turn over all exculpatory or material evidence." (ECF 48 at p. 16.) This requested relief would clearly require the defendants to act in a particular way and would require that the court monitor defendants to ensure compliance. As such, he must make a strong showing that the likelihood-of-success-on-the-merits and balance-of-the-harms factors. *See Fish*, 840 F.3d at 724. As discussed below, he does not.

4

Plaintiff is also seeking the same relief through a preliminary injunction that he would receive if he were victorious at trial, which bolsters the disfavored status of the requested injunction. In his First Amended Complaint, for example, Plaintiff requests injunctive relief "commanding the defendants [to] provide Plaintiff access to the print evidence, print results, and all biological evidence in their custody and control." (ECF 39 at ¶64(B)). This is the same relief requested in the Motion for Preliminary Injunction. (ECF 48 at p. 16). Additionally, Plaintiff is misusing the request for a preliminary injunction in an attempt to accelerate the discovery process by requiring the depositions of the remaining Defendants and asking for leave to obtain documentation related to Defendant Woods's employment with the CBI, all of which would be addressed in due course during the litigation if the motions to dismiss are denied. Plaintiff is therefore attempting to end-run the Rules of Civil Procedure and the role of Rule 12 motions to dismiss by way of a preliminary injunction. The law, however, does not support such a gambit.

### B. Plaintiff Has Not Made Prima Facie Case for a Preliminary Injunction

#### 1. Plaintiff Has Not Shown a Likely Irreparable Injury

The Supreme Court has noted that "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is likely in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 375 (2008) (citing 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948.1, p. 154-55 (2d ed.1995) ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury.")). "Because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements will be considered." *DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263,

1270 (10th Cir. 2018) (quotation marks and citation omitted). "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Id.*

 "[T]he party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (emphasis in original). The injury complained of must be "certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) The Tenth Circuit has held that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1278 (10th Cir. 2022) (citing *Winter*, 555 U.S. at 22) (emphasis added).

In *Bray v. QFA Royalties, LLC*, the defendant sent letters terminating the franchise rights of the plaintiffs in retaliation for negative statements made about the defendant. *Bray v. QFA Royalties LLC*, 486 F. Supp. 2d 1237, 1241 (D. Colo. 2007). The plaintiffs filed suit and sought preliminary injunctive relief requiring the defendant to abate the termination notices and continue to supply product during the pendency of the litigation. *Id.* The plaintiffs alleged loss of their businesses, including loss of customer good will, as an example of irreparable harm that would occur if the defendant were not prevented from implementing the challenged termination decisions during the lawsuit. *Id.* at 1247. The court reasoned that the "likelihood that the immediate terminations ordered by [the defendant] would effectively close Plaintiffs' stores completely

pending trial, resulting in a loss of customer base and community goodwill[,]" was sufficient to show the potential for irreparable injury. *Id.* at 1249.

Here, Plaintiff has not identified any harm that is "certain, great, actual, and not theoretical." *See Heideman,* 348 F.3d at 1189.  He alleges that he "faces the permanent denial of proving his actual innocence due to the progressive and escalatory actions of the defendants with respect to concealing and destroying exculpatory evidence." (ECF 48 at p. 11.) Further, Plaintiff claims that, "[i]n the absence of injunctive relief, a high probability exist (sic) that the evidence required to prove [Plaintiff's] innocence will be destroyed based on the Defendants (sic) current pattern of conduct and tack." (ECF 48 at p. 7.) But it is unclear what actions Plaintiff is referring to, especially as against Defendant Woods. Unlike the defendant in *Bray,* Defendant Woods has not demonstrated any intent, or even ability, to prevent Plaintiff from accessing the biological evidence at issue. As previously noted, Defendant Woods is no longer employed by the Colorado Bureau of Investigation ("CBI") and does not possess any of the DNA evidence Plaintiff seeks access to through the instant litigation. (*See* ECF 39 at ¶ 61[1]; ECF 47 at p. 6–7.) Plaintiff has also failed to identify any alleged action taken by Defendant Woods to deprive Plaintiff of his due process rights. In sum, there is no evidence of an imminent threat that Defendant Woods will cause the destruction of evidence or even play a role in Plaintiff's post-conviction DNA testing, if permitted.

Additionally, the Tenth Circuit has noted case law dictates that "delay in seeking preliminary relief cuts against finding irreparable injury." *RoDa Drilling Co. v. Siegal*, 552 F.3d

---

[1] Defendant Woods denies that she was fired by the CBI as alleged by Plaintiff in his First Amended Complaint.

1203, 1211 (10th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff has been engaged in efforts to test biological evidence related to his conviction for the past several years. Plaintiff did not provide any reason for his delay in seeking a preliminary injunction in either Colorado state court or this Court related to this issue. Plaintiff's original conviction occurred nearly 20 years ago, yet he was not concerned about the availability of biological evidence for testing before this point. The only thing that has changed is that the state courts have found that he does not meet the statutory criteria for additional DNA testing related to that conviction. Accordingly, there is no showing of an imminent and irreparable injury absent the requested preliminary injunction.

### C.  Plaintiff Has Not Shown a Substantial Likelihood of Success on the Merits

Even if Plaintiff could meet his burden in demonstrating a future irreparable injury, he cannot make a strong showing that he has a substantial likelihood of success on the merits on his due process claim. *See Fish*, 840 F.3d at 724. Plaintiff alleges that he has pled a "meritorious Due Process violation claim" based on "the denial of access to exculpatory evidence for DNA testing and comparison of other forensic evidence." (ECF 48 at p. 8.) However, as briefly discussed below and more fully briefed in Defenant Woods's Motion to Dismiss (ECF 48), Plaintiff has not sufficiently pled any constitutional violations that would subject Defendant Woods to liability.

To show a due process violation, a plaintiff must allege facts showing (1) "deprivation by state action of a protected interest in life, liberty, or property," and (2) "inadequate state process." *Reed v. Goertz*, 598 U.S. 230, 236, 143 S. Ct. 955, 960 (2023) (citation omitted). To meet the first prong of a due process claim, the plaintiff must demonstrate the existence and deprivation of a protected property interest for which the plaintiff is constitutionally entitled to an appropriate level

of process. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). Here, Plaintiff alleges he has a liberty interest in accessing biological materials for post-conviction DNA testing. (ECF 39 at ¶¶ 47–48.) However, the Supreme Court and Tenth Circuit have clearly disavowed any freestanding right to access materials for post-conviction DNA testing. *See, e.g., Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 522 (U.S.2009); *McDaniel, v. Suthers*, 335 Fed. Appx. 734, 736 (10th Cir. 2009). Further, post-conviction rights may be qualified to situations that meet the applicable statutory requisites. *See McDaniel, v. Suthers*, 335 Fed. Appx. 734 (10th Cir. 2009).

Under Colorado law, Plaintiff's right to DNA testing is limited to the requirements of C.R.S. § 18-1-413. Plaintiff does not challenge the constitutionality of this statute in his First Amended Complaint, so he attempts to reframe his argument in this Petition for Preliminary Injunction by alleging that he is challenging "only the constitutionality of Colorado's Post-Conviction DNA testing statutes/procedures." (ECF 48 at p. 11.) However, he also argues in his request for injunctive relief that Colorado courts are construing the requirements of C.R.S. § 18-1-413 to prevent postconviction DNA testing, suggesting he is also challenging the state court decisions themselves. (ECF 48 at p. 8.) Regardless, Plaintiff cannot show a protected liberty interest in post-conviction DNA testing to support his due process claim, and his own failure to comply with the statutory requisites for post-conviction DNA testing does not amount to a due process violation.

For the second prong of the due process inquiry, Plaintiff must show the inadequacy of state-law procedures available to him in state postconviction relief. *Osborne,* 557 U.S. at 71. "Given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty" and "[t]he State accordingly has more flexibility in deciding what procedures are needed in the

context of <u>postconviction relief</u>." *Id.* at 69 (emphasis added). Notably, the Tenth Circuit has previously stated that there is "nothing inadequate about the procedures [Colorado] has provided to vindicate its state right to postconviction relief in general, and nothing inadequate about how those procedures apply to those who seek access to DNA evidence." *McDaniel*, 335 Fed. App'x at 736 (applying C.R.S. §§ 18-1-411 to 416).

Accordingly, Plaintiff has not shown that there is a substantial likelihood that he will succeed on his Due Process claim.

### D.  Balance of the Injuries and Public Interest

Under the heightened disfavored-injunction standard, the Plaintiffs need to make a strong showing that the balance of harms tips in their favor. *Awad*, 670 F.3d at 1131. Courts balance the irreparable harm identified by the movant against the harm to the nonmovant if the preliminary injunction is granted. *Fish v. Kobach*, 840 F.3d 710, 754 (10th Cir. 2016). "A movant also has the burden of demonstrating that the injunction, if issued, is not adverse to the public interest." *Fish v. Kobach*, 840 F.3d 710, 755 (10th Cir. 2016) (citing *Heideman*, 348 F.3d at 1191).

As discussed above, Plaintiff has not shown the existence of a risk of imminent irreparable harm. Despite this, Plaintiff's requested relief would allow him to circumvent Colorado law which controls situations where a convicted person seeks additional testing of DNA evidence. Even though Colorado's state courts determined that Plaintiff did not meet the four statutory requirements to qualify for additional testing, Plaintiff seeks to have this Court ignore those findings and allow Plaintiff to proceed with testing by way of a preliminary injunction. It is not in the public interest to allow individuals to avoid following state law procedures for post-conviction DNA testing. This is even more true because Colorado has "flexibility in deciding what procedures

are needed in the context of postconviction relief." *Osborne*, 557 U.S. at 68. "[W]hen a State chooses to offer help to those seeking relief from convictions," due process does not "dictat[e] the exact form such assistance must assume." *Id.* (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 559 (U.S. 1987)).

Neither the balance of the injuries nor the public interest weigh in Plaintiff's favor, and thus, his request for a permanent injunction should be denied.

## IV.    CONCLUSION

WHEREFORE, Defendant Woods respectfully requests that the Court deny Plaintiff's Petition for Preliminary Injunction Pursuant to Fed. R. Civ. P. 65. Defendant Woods also joins in the arguments presented by her co-defendants on this matter.

DATED this 7th day of March 2024.

Respectfully submitted,

**OVERTURF McGATH**
**& HULL, P.C.**

By   *s/  Steven W. Boatright*
Scott A. Neckers
Steven W. Boatright
Sarah A. Thomas
Overturf McGath & Hull, P.C.
625 East Sixteenth Avenue, Suite 100
Denver, Colorado 80203
Tel: (303)860-2848
Fax: (303) 860-2869
san@omhlaw.com
swb@omhlaw.com
sat@omhlaw.com
*Attorneys for Defendant Yvonne M. Woods*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 7, 2024, I electronically filed the foregoing **DEFENDANT YVONNE M. WOODS'S RESPONSE TO PLAINTIFF'S PETITION FOR PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65** with the Clerk of Court using the CM/ECF system with service as follows:

Kenneth Mark Burton
The Law Offices of Mark Burton
1175 Osage Street, Suite 210
Denver, CO 80204
Phone: (303) 517-1187
Fax: (303) 379-3922
Burtonslaw2000@yahoo.com
*Attorney for Plaintiff*

Alexander J. Dorotik
City of Lakewood
480 S. Allison Pkwy
Lakewood, CO 80226
(303) 987-7456
Fax: (303) 987-7671
adorotik@lakewood.org
*Attorney for Defendant Smith*

Rebecca P. Klymkowsky
Amy L. Padden
Jefferson County Attorney's Office
Assistant Deputy County Attorney
100 Jefferson County Parkway, Suite 5500
Golden, Colorado 80419
rklymkow@jeffco.us
apadden@jeffco.us
*Attorney for Defendants Alexis King and Regina Marinelli*

Kelley M. Dziedzic
Assistant Attorney General II
Cole J. Woodward
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO  80203
T: 720-508-6647 (Dziedzic)
T: 720-508-6602 (Woodward)
Kelley.Dziedzic@coag.gov
Cole.Woodward@coag.gov
*Attorneys for Defendant Chris Schaefer*

*s/Jessica Pringle*