IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 23-CV-02989-DDD-MEH

JAMES HUNTER,

        Plaintiffs,

v.

ALEXIS KING, Et al;

        Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS [#41, 43, & 47]**

---

Plaintiff James Hunter, by and through council Kenneth Mark Burton, of the Law Office of Mark Burton, P.C., respectfully responds to Defendants' Motions to Dismiss [DOCs # 41, 43, &,47], and hereby submits this memorandum in support of this action.

## DUTY TO CONFER

Plaintiffs' Response is exempt from the conferral requirements set forth in D.C.Colo.L.R.7.1 (b)(2).

## INTRODUCTION

In 2002, the Jefferson County Court dismissed Mr. Hunter's case at the preliminary hearing phase due to the complete absence of probable cause. However, several months later, an indictment was brought based on the same evidence; Plaintiff's Amend. Comp. [DOC #39, ¶¶ 12-20], which

begs the question, how, if there was initially insufficient evidence to establish probable cause; this, is exactly why we are here today. Defendant Woods was recently exposed by the Colorado Bureau of Investigation as a potential criminal and a fraud. The testing of forensic evidence conducted by Woods has been called into question due to her corrupt testing practices and numerous instances of false identification.

### A. Defendants are Actively Interfering with the State's Discovery Obligation and Mr. Hunters Collateral Attack.

Still, the Defendants King, Shaffer, Woods, and others are actively working to conceal. the true extent of this fraud on the Colorado courts, which is foreclosing Mr. Hunter's ability to utilize this newly discovered evidence to substantiate a basis for clemency or a new collateral attack action.

In addition, the Defendants' bad faith denial of Mr. Hunter's access to DNA evidence for testing has effectively deprived him of a liberty interest in establishing a presumptive basis for clemency under the injustice exception as prescribed by the Fourteenth Amendment.

Plaintiff Hunter has sought Federal intervention not to attack or revisit the State Court's holding in the underlying criminal matter, but to specifically address Wood's corrupt forensic practices that have recently shined a bright light on Mr. Hunter's innocence. Plaintiff's Amend. Comp. [DOC #39, ¶¶ 61-63]. Efforts by the State to reexamine Wood's forensic testing findings in Mr. Hunters case has further presented a need for federal oversight. Certainly, the Defendants' King, Shaffer, Woods, and others have failed to play by the rules and apparently continue to deviate from fundamental principles of fairness, let alone met their discovery obligations under Brady v. Maryland, 373 U.S. 83, 84 (1963). Importantly, this foul play is a new issue and a justiciable claim, that has yet to be the subject of any State Court proceeding or State Court judgement. As such, it is difficult to understand how preclusion law has any applicability here.

2

besides, a final judgment in a State Court criminal proceeding is not licensed to conceal newly discovered evidence of the fabrication of probable cause and fraud upon the Court. For this reason, the Defendants should revisit their position before attempting to bring this Court into disrepute. Accordingly, the public has a strong interest in addressing Defendants' misconduct, including the discovery of Woods' corrupt and fraudulent forensic practices that have intentionally violated Colorado citizens' civil rights, specifically, that of Mr. Hunter—an innocent man that was wrongfully accused.

### B.  This Action is Not a Collateral Attack but Purely Injunctive.

The nature of this action is purely injunctive and is not to be confused with a damage suit. Moreover, this action is purely focused on the Defendants' conspiratory efforts to stonewall Mr. Hunters access to evidence needed to support a collateral attack of Mr. Hunter's wrongful conviction, which is fundamentally unfair and a violation of due process under the Fourteenth Amendment. This action and specific relief sought by Mr. Hunter is not to be construed as a direct attack against the extant State judgment, because:

- This case is currently being reviewed and is subject to retesting of forensic evidence based on the Defendant's recent discovery of Woods corrupt forensic testing practices, Plaintiff's Amend. Comp. [DOC #39, ¶¶ 61-63];

- Mr. Hunter is seeking access to forensic evidence for DNA testing to establish a basis for clemency, and to ensure that state officials with the Colorado Bureau of Investigations comply with applicable standards with respect to retesting of forensic evidence due to Mrs. Woods misconduct. Plaintiff's Amend Comp. [Doc #39, ¶¶ 43-46];

- Mr. Hunter is seeking access to newly discovered evidence of Wood's falsification of forensic evidence, which is currently being concealed by the Jefferson County District Attorney's Office, and Colorado Bureau of Investigations, and other law enforcement agencies. Plaintiff's Amend. Comp. [DOC#39, ¶¶ 61-63]; and

- Mr. Hunter is seeking a preservation order on the premise that the Defendants are actively working to retest forensic evidence in the underlying criminal matter.

3

Neither of these factors directly challenges or impugns the extant criminal judgment, and any notion that they do, is misleading.

## LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." "The court's function on a Rule l 2(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Dubbs v. Head Start, Inc., 336 F.3d 1194, 120l (10th Cir. 2003) (internal quotation marks omitted).

The Rule l2(b)(6) standard requires the Court to "assume the truth of the plaintiffs well-pleaded factual allegations and view them in the light most favorable to the plaintiff." Ridge at Red Hawk, 493 F.3d at 1177. Thus, in ruling on a Motion to Dismiss under Rule 12(b)(6), the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Dias v. City & Cnty. of Greeley, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. (quoting Twombly, 550 U.S. at 556). However, "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 556). "[C]omplaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' ... 'will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

## ARGUMENT

I. **Mr. Hunter's Injunctive Claim is Properly Plead.**

As an initial matter, the pleading standards in injunctive cases are less restrictive with respect to identifying exactly who was responsible for the purported constitutional violation. Indubitably, the inquiry is "broader and more generalized", and the focus is on "the combined acts or omissions" of the officials responsible for operating the respective agency. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988); see also Houston v. Sheahan, 62 F.3d 902, 903 (7th Cir,1995) (describing sheriff as stand-in for politically body they served in an official capacity seeking an injunction). By extension, the salient inquiry here is whether the Defendants' King, Shaffer, Marinelli, and others have the ability to end the constitutional violation if so ordered. See Kohel v. Dalsheim, 85 F3.d 86, 89 (2nd Cir. 1996) (Reversing dismissal of injunctive claim, since a superintendent "has overall responsibility to ensure that prisoner's basic needs were met".)

As such, it reasonably follows that "it is unnecessary to allege personal involvement with a state official when a plaintiff is attacking governmental conduct or procedures on federal grounds" that is somehow relevant to the official's job duties under the supervision of the named Defendant. Indeed, all that is required is that the complaint name an official of sufficient authority to appropriately respond to the Court's order on Injunctive Relief should it be issued. Luckey v. Harris generally 860 F.2d 1012, 1015-1016 (11th Cir.1988.)

    A.    **A Conspiracy to Violate Mr. Hunter's Due Process Rights is Adequately Plead.**

5

The Plaintiff's conspiratory narrative and claims lay out detailed facts related to Defendant Woods and others violation of Mr. Hunter's due process rights, and specifically names the District Attorney of Jefferson County, Lakewood Chief of Police, Jeffersons County Sherrif, and Director of the Colorado Bureau of Investigations, who have final decision-making authority, and who are authorized to appropriately respond to this Court's order for injunctive relief when it is issued. Therefore, Plaintiff's operative complaint passes muster. Plaintiff's Amend. Comp. [DOC #39 ¶¶ 43-63].

### 1. Woods is properly named.

Even assuming arguendo, that Woods has no physical evidence in her possession[1], she remains a party to this action for the simple fact that she has private information related to her corrupt testing practices that were recently discovered by the Colorado Bureau of Investigation. As a custodian of this exculpatory information, Woods remains a critical party to this injunctive action, and will be able to produce the information sought related to Mr. Hunter's misidentification in the underlying criminal matter. Plaintiff's Amend. Comp. [DOC# 39, ¶¶ 9,61-63].

### 2. King, Smith, Sheffer, and Marinelli are properly named.

As the administrative heads of their respected agencies with final decision-making authority, King, Shaffer, Smith, Marinelli have authority to execute the courts injunctive order should it be issued. Plaintiff's Amend. Comp. [DOC #39] ¶¶ 5-9; Koehl v. Dalsheim, 85 F.3d at 89. Each of the defendants are privy to the recent scandal involving Woods' falsification of evidence. Additionally, the Defendants King, Sheffer, Smith, and Marinelli are actively working

---

[1] Upon belief, Wood's personal notes and correspondence contain details that will substantiate the underlying conspiracy to violate Mr. Hunter's civil rights.

to coordinate the review of forensic evidence in hundreds of criminal matters involving Woods' corrupt testing practices. Defendants' personal involvement in this review process reasonably and logically makes them proper parties to this action and requires Federal oversight given the provocations and systemic abuses identified in the compliant. Plaintiff's Amend. Comp. [DOC #39, ¶¶ 5-9, 61-63]. For this reason, the defendant's efforts to be removed from this injunctive action fail.

### B.  Municipal Liability is not Inapplicable.

The underlying action is purely injunctive and should not be construed as a money action under the rationale of Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978). Therefore, the Defendants attempted to enhance the pleading requirement under the rubric of Monell is misguided.

### C.  Immunity is also Unavailable.

The Eleventh Amendment allows state officials to be sued for injunctive relief. See Ex parte Young, 209 U.S. 123, 203-04 (1908); Tarrant Reg'l Water District v. Sevenoaks, 545 F.3d 906, 912-13 (10th Cir 2008) (The Eleventh Amendment does not bar suit for injunctive relief).

Secondly, the defendant officers are sued in their official capacity and is actually a suit against the State of Colorado and local governmental entities, who are clearly not entitled to immunity. See e.g. of Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 690 n.54 (1978)

## II.  The Heck Rule is Inapplicable

The Heck rule is inapplicable to the case at bar because the extant criminal judgment is not directly being attacked here. The Heck Rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994) comes into play if a conviction or a sentence exists that has not been invalidated. This

rule delays what would otherwise be the accrual date of a civil action until the reversal of the extant criminal judgment, where success in the civil action necessarily would impugn the criminal judgment.

Importantly, the Heck Rule does nothing more than preclude litigation that directly attacks a State Court judgment. A useful guidepost is the Supreme Courts' holding in Skinner v. Switzer, 562 U.S. 521, 531-33 (2011). The Skinner Courts emphasized that the Heck Rule permits a § 1983 action directed at a state statue or deficiency with respect to legal process that the success of would not "necessarily imply" the invalidity of the subject criminal judgment. Id.

Because this action attacks the Defendants' recent concealment of evidence and the denial of access to DNA evidence that is requested to establish a presumptive basis for clemency, as well as seeks to preserve the fairness of proceedings—which is clearly not a direct attack on Mr. Hunter's State criminal judgment—the Heck Rule has no applicability in this case. Still, the Defendants artfully equivocate and misapply Tenth Circuit authority that specifically highlights the inapplicability of the Heck Rule here. See Payton v. Ballinger, 831 F.App'x 898,901 (10th Cir. 2020) (Payton requested release from custody and further prosecution). For instance, Mr. Hunter has never requested release from custody or the reversal of his criminal judgment in this case, and therefore, this action is distinguished from Payton v. Ballinger. Therefore, defendants' position fails.

**III. The Rooker-Feldman Doctrine is Inapplicable.**

The Supreme Court in Skinner reasoned that the Skinner suit was not barred under the Rooker-Feldman doctrine, because it was not a direct attack on the State Court judgment, but merely a suit challenging a state rule or statute. Rooker-Feldman is predicated on District Columbia Court of Appeals v. Freedman, 460, U.S. 462 (1983) and Rooker v. Fidelity Trust

Company, 252 U.S. 413 (1923). The Rooker-Feldman doctrine prohibits Federal suits that amount to an appeal of a State Court judgment. This doctrine is derived from the fundamental notion that Title 28 U.S.C. § 1257 limits review of a State Court judgment to only the Supreme Court of the United States. Recognizing that this doctrine was derivative of a civil action, which fails to square with title 28 U.S.C. § 2254, applying this doctrine in this case, is inappropriate.

In furtherance of this premise, the Supreme Court's holding in Exxon Mobile v. Saudi Basic Industry Corp. is instructive. Specifically, the Suprema Courts held:

> If state and federal action proceed currently, the Rooker-Feldman doctrine is inapplicable to bar the Federal Suit: but once the state adjudication is complete, its effect on the federal suit is governed by preclusion Law.

Exxon Mobile Corp, 544 U.S. 280 291-94 n.4. (2005). Unlike the Rooker-Feldman doctrine, procedural law is not a jurisdictional bar. As a corollary to this rule, the fraudulent concealment and due process violations before this court are new issues that were not fully and fairly litigated at the State Court level and thus not subject to res judicata and collateral estoppel.

### A. Mr. Hunter's Due Process Claim is Not Subject to Preclusion Law.

Res judicata prohibits a lawsuit if there has already been a judgment on the merits in the same cause of action by a court of competent jurisdiction in a prior suit involving the same parties or their privies. See Migra v. Warren City School District BD. of Education, 565 U.S. 75,77 n.1 (1984).

The first prong requires that the previous and current case arise from the same set of facts. For instance, if the second suit arises from significantly different facts and could not have been brought previously, as here, preclusion law is not applicable. O'Connor v. Pierson, 586 F.3d 64, 69-70 (2nd Cir. 2009): See e.g. Morgan v. Gertz, 166 F.3d 1307,1309 (10th Cir. 1999) (No collateral estoppel effect because officers were not a party to state criminal proceeding).

Moreover, because the issues in Mr. Hunter's case were not essentially part of the State Court holding in People v. Hunter, res judicate and collateral estoppel have no preclusive effect. See Haring v. Prosire, 462 U.S. 306, 315 (1983). Pointedly, the Defendants cannot meet their burden based on the dynamics of this case. U.S. v. Dominguez, 359 F.3d 839, 842 (6th Cir. 2004).

As an initial matter, the due process claim before the court is based on recent events that have highlighted Woods' fraud upon the court and fabrication of identification of evidence. This issue has never been fully and fairly litigated in the State of Colorado.

In addition, the Courts holding in People v. Hunter 20CA0993 (Col. App., Jan 27,2022), was based on a 2020 version of C.R.S § 18-1-413, which has been substantially modified, and therefore is bad law with no preclusive effect.

Further, the dynamics of this case make it patently clear that this action could not have been brought sooner because: (1) Wood's fraud was recently discovered; (2) Clemency was unavailable until recently; and (3) Defendants' decision to retest forensic evidence is recent and creates a serious danger of destruction of exculpatory evidence without proper oversight. Accordingly, for want of a fair and full opportunity to litigate the issue before this court preclusion law is inapplicable. Allen v. McCarry, 449 U.S. 90, 101 (1980). Indeed, preclusion law "does not apply when the decision to hold a defendant…was made on the basis of fabricated evidence… or the result of the other wrongful conduct by state or local official." Awabby v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004).

**CONCLUSION**

In summary, the well plead complaint articulates a meritorious basis for injunctive relief under the rubric of the Fourteenth Amendment. Therefore, this case is not subject to summary dismissal. Furthermore, the underlying action presents a unique set of facts that present the

quintessential circumstances, in which, this court should rule in the interest of justice and grant the plaintiff injunctive relief. Wherefore, the Plaintiff respectfully moves the court to reject the Defendant's bad faith motions to dismiss, and any other relief that would be just and equitable.

Respectfully submitted this 7th day of March 2024.

<u> s/ Kenneth Mark Burton</u>

Kenneth Mark Burton
Law Office of Mark Burton, P.C.
1175 Osage St, Suite 210
Denver CO, 80204

CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of February 2024 I served a true and correct copy of the foregoing: PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS[#41, 43, & 47] with the Clerk of the Court by CM/ECF system and to all attorneys of record.

/s Kenneth Mark Burton

\