IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02989-DDD-MEH

JAMES HUNTER,

    Plaintiff,

v.

ALEXIS KING, District Attorney for the First Judicial District, in her official capacity, et al.,

    Defendants.

**FIRST JUDICIAL DISTRICT ATTORNEY ALEXIS KING AND
JEFFERSON COUNTY SHERIFF REGINA MARINELLI'S
REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**

    In further support of their Motion to Stay Discovery [ECF 44], District Attorney Alexis King and Jefferson County Sheriff Regina Marinelli (the "District Attorney" and the "Sheriff," respectively; collectively, the "County Defendants") state:

    Mr. Hunter does not dispute that this Court has discretion to stay discovery pending resolution of a motion to dismiss. [ECF 54 at 2.] He agrees with the proposition that where there is a challenge to the court's subject matter jurisdiction, as here, the presumption is in favor of a stay, *see Wyers Prods. Group v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, *2 (D. Colo. June 7, 2013) ("[D]ecisions from this District have concluded that stays are generally favored when a jurisdictional defense under Rule 12(b)(1) is asserted." (citation omitted, emphasis original)). [ECF 54 at 4.]

    Mr. Hunter also does not dispute that this Court should apply the five factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:20-cv-01934-LTB-PAC, 2006 WL 894955, *2 (D. Colo. Mar. 30, 2006). [ECF 54 at 2.] However, he misapplies those factors.

1

First, with respect to his interest in proceeding expeditiously and the potential prejudice of a delay, Mr. Hunter argues that "every day that the Plaintiff spends in prison for a crime he didn't commit is prejudicial." [ECF 54 at 3.] Mr. Hunter's conviction is more than 20 years old. That said, nothing prevented Mr. Hunter from bringing the instant section 1983 case earlier. Indeed, he waited for a year and a half after the Colorado Supreme Court denied certiorari in May 2022 in a case seeking the same relief he seeks here. Since the filing of this case, Mr. Hunter has amended the complaint and added and dismissed Defendants, which resulted in the Court delaying the scheduling conference. A brief stay of discovery to allow the Court to resolve the County Defendant's jurisdictional and dispositive motions is not the type of prejudice that weighs against a stay.

Second, denial of a stay greatly prejudices the County Defendants. Presumably, Mr. Hunter will seek to serve discovery on and depose the County Defendants, two busy elected officials, taking them away from their important duties for preparation and depositions. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." (internal quotation omitted)). As the *Iqbal* Court noted:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

*Id*. Although Mr. Hunter blithely asserts that "there are no issues here that present any risk of dismissal in this case" [ECF 54 at 4], that is for the Court, not Mr. Hunter, to decide. Indeed, every Defendants who has already appeared has filed detailed and well-supported motions to dismiss. Significantly, **Plaintiff does not contest the County Defendants' argument that they**

2

**do not and have never possessed the evidence he seeks to have released**. This fact alone requires their dismissal from this case.

Third, the convenience to the court weighs in favor of the stay because a stay preserves judicial resources. *See Bassett v. CDOC Employee*, No. 13-cv-03391-MJW, 2014 WL 2974982, *2 (D. Colo. July 2, 2014) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotations and citations omitted)). If discovery is allowed to proceed, the Court will need to resolve discovery disputes and otherwise expend time and resources on this case.

Fourth and fifth, with respect to the interests of third parties, Mr. Hunter agrees that there are no rights of third parties that would be affected by the requested stay. [ECF 54 at 6.] Finally, with respect to any public interest impacted by the requested stay, Mr. Hunter speaks only in generalities about the societal interest in not incarcerating innocent people [*id*.] but ignores the countervailing public interest in the efficient and economical use of judicial and other governmental resources. This is an especially notable oversight given the fact that Mr. Hunter's convictions have withstood numerous appeals and collateral attacks. Nor does Mr. Hunter recognize other important public interests, including protecting victims' rights and ensuring the finality of judgments, particularly in a case like this involving sexual assault.

Thus, the *String Cheese* factors weigh in favor of granting a stay of discovery in this case. The County Defendants respectfully request that this Court stay discovery until it resolves their pending Motion to Dismiss.

Respectfully submitted this 8th day of March, 2024.

JEFFERSON COUNTY ATTORNEY'S OFFICE

*s/Amy L. Padden*
Rebecca P. Klymkowsky
Assistant Deputy County Attorney
Amy L. Padden
Assistant County Attorney
100 Jefferson County Attorney's Office
Golden, Colorado 80419
T: 303.271.8900
E: rklymkow@jeffco.us
apadden@jeffco.us
*Attorneys for the District Attorney and the Sheriff*

Pursuant to DDD Civ. P.S. III(A)(1) and (A)(4), I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in the Court's Practice Standards that it contains no more than 4,000 words.

*s/ Amy L. Padden*
Amy L. Padden

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2024, a copy of the foregoing was filed via ECF and served electronically on all counsel of record.

*s/ Amy Padden*
Amy Padden