IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02989-DDD-MEH

JAMES HUNTER,

                Plaintiff,

v.

ALEXIS KING;
CHRIS SCHAFFER;
REGGIE MARINELLI;
CHIEF SMITH;
YVONNE M. WOODS;

                Defendants.

---

## REPLY TO RESPONSE TO MOTION TO DISMISS FIRST AMENDED COMPLAINT ON BEHALF OF "CHIEF SMITH"

---

"Chief Smith" hereby files this Reply to Response to Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### ARGUMENT

**1. Plaintiff's arguments concerning the inapplicability of the Rooker-Feldman Doctrine are unavailing.**

The Rooker-Feldman doctrine prohibits federal courts from adjudicating cases brought by state-court losing parties challenging state-court judgments. *Reed v. Goertz*, 143 S. Ct. 955, 961 (2023). But as the Supreme Court explained in *Skinner v.*

*Switzer*, even though a "state-court decision is not reviewable by lower federal courts," a "statute or rule governing the decision may be challenged in a federal action." *Id*. (citing *Skinner v. Switzer,* 562 U. S. 521, 532 (2011). Plaintiff appears to understand this as, to quote his Response brief, "(t)he Supreme Court in Skinner reasoned that the Skinner suit was not barred under the Rooker-Feldman doctrine, because it was not a direct attack on the State Court judgment, but merely a suit challenging a state rule or statute." However, Plaintiff does not, in his complaint or in his brief, state a single rule or statute that he is challenging. Rather his First Amended Complaint argues that the state statutes are not being followed. (ECF 39, ¶ 49; 53-4).

Further, Plaintiff mentions that the doctrine does not apply in the event of a concurrent state action. However, there is no concurrent state action in this instance.

2. **Plaintiff does not state facts as to Defendant Smith to establish a conspiracy.**

Despite his conclusory statements to the contrary, Plaintiff's sole factual mention of Defendant Smith is "(u)pon belief, Defendant Smith is aware of Mr. Hunter's actual and factual innocence but has conspired with local law enforcement to prevent the testing of all biological evidence that could substantiate Mr. Hunter's actual innocence with the intent and understanding to prevent a collateral attack; thereby, depriving him of due process guaranteed under the Fourteenth Amendment. Defendant Smith is being sued in his official capacity". (ECF 39, ¶¶ 8). There are no

factual allegations concerning any agreement or action, nor is there any factual allegation as to why this would occur.  A Plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998).

**3.  This Court has no jurisdiction to address issues of clemency.**

Plaintiff alleges that his desire to seek clemency is somehow related to this action.  Respectfully, this Court has no jurisdiction to address issues of potential clemency, which are, of course, solely at the discretion of the sovereign.  Any mention of clemency is simply irrelevant.

## CONCLUSION

For the foregoing reasons, under the Rooker-Feldman doctrine, this Court does not have jurisdiction to address the allegations contained in the complaint.  Additionally, the complaint fails to state a claim for which relief may be granted.  Thus, this complaint must be dismissed as to Defendant Smith.

Dated this 12th day of March, 2024.

*/s/ Alex Dorotik*
Alexander James Dorotik
480 S. Allison Pkwy
Lakewood, CO 80226
(303) 987-7456/Fax: (303) 987-7671
adorotik@lakewood.org
*Attorney for Defendant Smith*

## **CERTIFICATE OF SERVICE**

I certify that on this 12th day of March, 2024, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.

*/s/ Alex Dorotik*