IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-2989-DDD-MEH

JAMES HUNTER,

    Plaintiff,

v.

ALEXIS KING, District Attorney for the 1st Judicial District, in her official capacity
CHRIS SCHAFFER, Director of the Colorado Bureau of Investigation, in his official capacity
REGGIE MARINELLI, Sheriff of the Jefferson County Sheriff's Department, in his official capacity,
CHIEF SMITH, Chief of Police for the Lakewood Police Department, in his official capacity; and
YVONNE M. WOODS, Officer, laboratory technician of the Colorado Bureau of Investigation, in her individual capacity,

    Defendants.

---

## DEFENDANT CHRIS SCHAEFER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S PETITION FOR PRELIMINARY INJUNCTIVE RELIEF [ECF NO. 48]

---

Defendant Chris Schaefer[1], through the Colorado Attorney General, respectfully submits the following Response in Opposition to Plaintiff's Petition for Preliminary Injunction Pursuant to Fed. R. Civ. P. 65. [ECF No. 48]:

### BACKGROUND

Plaintiff James Hunter is a currently incarcerated inmate, having been convicted in 2004 of second-degree burglary and sexual assault in Jefferson County District Court case number 02CR3254. ECF No. 39, ¶ 12. Following the convictions he sustained at his jury trial, Plaintiff then pursued a series of appeals. Of particular relevance to this action, Plaintiff sought –

---

[1] The correct spelling of Defendant's last name is "Schaefer," not Schaffer, as is indicated in the case caption.

1

unsuccessfully – to have certain DNA evidence re-tested through Colorado's state courts. To this end, he filed a petition for new DNA testing pursuant to C.R.S. § 18-1-413. In an Order dated March 26, 2020, the Jefferson County district court denied Plaintiff's petition for DNA testing, finding that he had not demonstrated that favorable results of the DNA testing would demonstrate his innocence, and that he had not met the factors set forth under C.R.S. § 18-1-413 by a preponderance of the evidence.[2]

Plaintiff then appealed this order from the trial court. The Colorado Court of Appeals affirmed the trial court's denial of Plaintiff's petition for DNA testing on January 27, 2022.[3] The Colorado Supreme Court then declined to review that decision in May of 2022.

Following his unsuccessful request for new DNA testing, Plaintiff initiated this action. Here, Plaintiff sues Defendant Schaefer, the current Director of the Colorado Bureau of Investigation ("CBI") in his official capacity only. In the operative complaint, Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and alleges a violation of his Fourteenth Amendment Due Process rights. ECF No. 39, p. 15. As is relevant to Defendant Schaefer, he alleges that has "conspired with local law enforcement to prevent the testing of all biological evidence that could substantiate [Plaintiff's] actual innocence," thereby depriving Plaintiff of his Fourteenth

---

[2] The Court may take judicial notice of other courts' proceedings. *See, e.g.*, *Doe v. Heil*, No. 08-cv-02342-WYD-CBS, 2009 WL 3158165, at *1 n.1 (D. Colo. Sept. 28, 2009), *amended*, No. 08-cv-02342-WYD-CBS, 2010 WL 1258011 (D. Colo. Mar. 26, 2010); Fed. R. Evid. 201. Defendant Schaefer requests that the Court take judicial notice of the docket in Jefferson County District Court case number 2002CR3254, and specifically Judge Diego Hunt's March 26, 2020 Order.

[3] Defendant Schaefer respectfully requests that this Court take judicial notice of the Colorado Court of Appeals' January 27, 2022 Opinion affirming the trial court's denial of Plaintiff's petition for new DNA testing.

2

Amendment due process rights. *Id*., ¶ 6. Notably, Plaintiff furnishes no evidence to support the existence of this alleged conspiracy in his Petition.

As relief, Plaintiff seeks a declaration that the acts and omissions of the defendants are in violation of his constitutional rights, as well as injunctive relief in the form of "commanding the defendants provide Plaintiff access to the print evidence, print results and all biological evidence in their custody and control for the proper of DNA testing." ECF No. 47, ¶¶ 64(A)-(B).

On February 29, 2024, Plaintiff filed a "Petition for Preliminary Injunction Pursuant to Fed. R. Civ. 65". ECF No. 48. The relief Plaintiff seeks through his requested preliminary injunction motion should be denied because Plaintiff cannot make the requisite showing that he is likely to succeed on his underlying § 1983 claim. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). As explained in further detail below, Plaintiff has not pled his Fourteenth Amendment claim in such a way as to overcome the jurisdictional bar set by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Alternatively, Plaintiff's operative complaint fails to allege the existence of a conspiracy involving Defendant Schaefer in any adequate, non-conclusory way.

Finally, as explained in more depth below, Plaintiff also cannot establish that any of the three remaining factors pertinent to a preliminary injunction analysis – irreparable harm, the balance of equities, and public interest – tilt in their favor such that they are entitled to the extraordinary relief requested. *See General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

## LEGAL STANDARD

The general standard that must be met before a court can grant preliminary injunctive relief is a well-known four-factor test. "To obtain a preliminary injunction, the moving party

3

must demonstrate: '(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *Attorney Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (quoting *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) and citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Moreover, "[b]ecause the limited purpose of a preliminary injunction is to merely preserve the relative positions of the parties until a trial on the merits can be held," the Tenth Circuit has identified the following three types of specifically disfavored preliminary injunctions: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005). These disfavored inunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id*. at 1259.

Where, as here, the injunctive relief being sought is a disfavored "mandatory injunction" that both alters the status quo and would grant Plaintiff the entirety of the relief he is seeking in this action, the burden to show that those four factors support the relief is especially heightened. *See Tyson Foods*, 565 F.3d at 776; *RoDa*, 552 F.3d at 1208-09.

A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth*, 961 F.2d at 902. Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

4

# ARGUMENT

### I.  Plaintiff's requested relief is a type of disfavored injunction.

"Because the limited purpose of a preliminary injunction is to merely preserve the relative positions of the parties until a trial on the merits can be held," the Tenth Circuit has identified the following three types of specifically disfavored preliminary injunctions: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005). These disfavored inunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id*. at 1259.

Here, Plaintiff's requested relief is a type of disfavored injunction. He seeks an order requiring that "the defendants and their agents turn over all exculpatory or material evidence forthwith…" ECF No. 48, p. 16. The Tenth Circuit "characterize[s] an injunction as mandatory if the requested relief 'affirmatively require[s] the nonmovant to act in a particular way…" *Schrier*, 427 F.3d at 1261. That is precisely what Plaintiff seeks here: an order directing all defendants, including Defendant Schaefer, to affirmatively act in a particular way.

An additional, disfavored category is "preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier*, 427 F.3d at 1258. "The burden on the party seeking a preliminary injunction is especially heavy when the relief sought would in effect grant plaintiff a *substantial part* of the relief it would obtain after a trial on the merits." *GTE Corp. v. Williams*, 731 F.2d 676, 679 (10th Cir. 1984) (emphasis added). Here, the injunction sought by Plaintiff would supply him with almost all the relief he

5

could hope to win upon prevailing at trial. In the operative complaint, Plaintiff also seeks injunctive relief in the form of "commanding the defendants [to] provide Plaintiff access to the print evidence print results, and all biological evidence in their custody and control." ECF No. 39, ¶ 64(B). Such a request is tantamount to Plaintiff's requested preliminary injunctive relief, in which he requests all "material evidence."

Similarly, to the extent that Plaintiff's requested preliminary injunctive relief is comprised of what are essentially discovery requests (i.e., a request that defendants turn over all exculpatory or material evidence, a request for leave to conduct depositions of each defendant, and a request to access for documentation regarding Defendant Woods's departure from the Colorado Bureau of Investigations), he is at liberty to make such requests through the civil discovery process during the course of regular litigation in this matter, assuming that his claims survive the various pending and forthcoming motions to dismiss.

Plaintiff's requested relief is disfavored across multiple fronts. As such, the Court must "more closely scrutinize" Plaintiff's Petition and case as a whole "to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004); *see also Edmond v. Clements*, 2013 WL 12441522, at *4 (D. Colo. 2013) (where injunctive relief sought constitutes a disfavored injunction, a motion for a temporary restraining order must be denied unless "right to relief [is] clear and unequivocal.") (quoting *Schrier* at 1258).

## II. Plaintiff has not met his burden of establishing his right to injunctive relief.

### a. Plaintiff has not shown a substantial likelihood of success on the merits.

Because Plaintiff's request is disfavored, he "must make a strong showing… with regard to the likelihood of success on the merits…and may not rely on [a less stringent] modified

6

likelihood-of-success-on-the-merits standard." *Schrier* at 1261; *see also O Centro*, 389 F.3d at 976-76.

Unlike the other defendants to this action, Defendant Schaefer was never properly personally served by Plaintiff, and only waived service two and a half weeks ago. Consequently his responsive pleading to Plaintiff's operative complaint – which will constitute a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) – is not due until April 22, 2024. In that Motion, Defendant Schaefer intends to expand upon the arguments summarized below.

In the operative complaint, Plaintiff appears to maintain that his Fourteenth Amendment Claim is permissible pursuant to *Skinner v. Switzer*, 562 U.S. 521 (2011), and therefore not barred by the *Rooker-Feldman* doctrine, as he purportedly complains that "the Colorado post-conviction DNA statute is unconstitutional as construed by the Colorado courts." EF No. 39, ¶ 32. In his preliminary injunction motion, he then "clarifies that he is challenging only the constitutionality of Colorado's Post-Conviction DNA testing statute/procedures and the adequacy of access to biological material." ECF No. 48, p. 14. But a straightforward reading of Plaintiff's operative complaint simply does not permit such a creative recasting of his claim. The operative complaint clearly details a single Due Process claim. And unlike the plaintiff in *Skinner*, here Plaintiff is clearly attempting to challenge the defendants' (as well as other, unidentified state actors') actions, as well as the previous state court decisions which have denied him his requested DNA testing. *See Skinner*, 562 U.S. at 1291. Indeed, Plaintiff's requested relief in his operative complaint is yet a further indication that Plaintiff is not challenging (or at the very least, has not appropriately pled a challenge) the constitutionality of C.R.S. § 18-1-413 (the Colorado statue statute which provides for court-ordered DNA testing, should a criminal defendant establish the requisite criteria). He does not seek a declaration that this state statute is

7

unconstitutional, in either the Petition or the operative complaint. *See* ECF No. 39, ¶ 64; ECF No. 48 at 16.

Consequently, the *Rooker-Feldman* doctrine bars federal court review of the type of state court judgements at issue in this action. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Here, Plaintiff is a losing party who challenges a state court judgement against him. And the operative complaint plainly argues that applicable state law is not being followed, not that it is unconstitutional. ECF No. 39, ¶¶ 49, 54-54. As such, the *Rooker-Feldman* doctrine's jurisdictional bar serves to prevent a challenge in federal court to a state court ruling.

Finally, Plaintiff's allegations against Defendant Schaefer are so threadbare as to fail to state a claim against him. Plaintiff has alleged the existence of a conspiracy amongst all named defendants, yet has wholly failed to identify a factual basis by which this Court could plausibly infer that any conspiracy exists as to *any* named defendant, including Defendant Schaefer. A plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). Here, Plaintiff makes only vague allusions to conspiratorial conduct but offers nothing in the way of actual conduct attributable to Defendant Schaefer that might even begin to suggest a shared conspiratorial objective.

      b. *Plaintiff has made no showing of imminent, irreparable harm.*

Plaintiff has also failed to show that he will suffer irreparable harm if he must await the regular course of this litigation. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (quoting *Heideman*, 348 F.3d at 1189 (internal citations omitted)). "[M]erely serious or substantial" harm is not

irreparable harm." *Id*. (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001).

Furthermore, an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931). "Purely speculative harm will not suffice, but rather, '[a] plaintiff who can show a significant risk of irreparable harm has demonstrated that the harm is not speculative' and will be held to have satisfied his burden." *Roda Drilling Co.*, 2009 WL 117018, at *5. *See Sutton v. Corrections Corp. of Am.*, 2008 WL 280840, *2 (D. Colo. 2008) (speculative notion that the harm will continue into the future is not properly subject to injunctive relief).

Plaintiff has made no showing that the DNA evidence he seeks to have tested is in any actual, imminent danger of being secreted or destroyed.[4] Colorado law requires that all evidence containing DNA be retained for the life of the criminal defendant who is convicted. C.R.S. § 18-1-1101. Plaintiff has not put forth any non-conclusory, non-speculative evidence that Defendant Schaefer, nor any other defendant, is currently violating this law or is about to commit such a violation. It is entirely unclear what *specific* actions, if any, Plaintiff attributes to Defendant Schaefer in this regard. Nor has he shown why the civil discovery process, available to him through the regular course of litigation, would be insufficient to gather the testimonial and documentary evidence he seeks by way of his requested injunctive relief. And to the extent that Plaintiff makes prognostications that Defendant Woods may "die, [be] imprisoned, or leave[ ]

---

[4] Importantly, CBI does not maintain custody of any of the DNA material that Plaintiff wishes to have tested. Once testing has been completed, CBI returns the samples to the investigating agency. Here, that is the Lakewood Police Department. Critically, Plaintiff has not shown that Defendant Schaefer has any *ability* to manipulate the evidence at issue, or to prevent Plaintiff's access to it.

the state," *see* ECF No. 48, p. 10, these are precisely the types of speculative, theoretical injuries upon which preliminary injunctive relief cannot be based.

Finally, Plaintiff also appears to argue that he faces imminent, irreparable harm because there is no plain, speedy or adequate remedy at law. *See id.*, pp. 11-12. But this is not true. Just because Plaintiff has not prevailed in his pursuit of relief pursuant to C.R.S. § 18-1-413, does not mean that the remedy is inadequate. Furthermore, as referenced in the operative complaint, Plaintiff acknowledges the existence of a Conviction Integrity Unit within the Jefferson County District Attorney's Office. *See* ECF No. 39, ¶ 30. While he seems to contend that any appeals to this unit have been unsuccessful, *see id.*, his preliminary injunction motion does not elaborate on why this Conviction Integrity Unit cannot provide a speedy or adequate remedy.[5]

        c. *The public interest and balance of equities do not favor Plaintiff in this case.*

The public interest in this case weighs in favor of denying Plaintiff a preliminary injunction, as does a balancing of hardships. Here, Plaintiff "also has the burden of demonstrating that the injunction, if issued, is not adverse to the public interest." *Fish v. Kobach*, 840 F.3d 710, 755 (10th Cir. 2016). Regarding the public interest, Plaintiff's preliminary injunction exclusively argues that because Plaintiff is actually innocent, the public would not and should not accept his wrongful incarceration. *See* ECF No. 48, p. 12. But again, such argument is conclusory. It overlooks the myriad number of times – over two decades' worth – that Plaintiff's convictions have been upheld at the trial court, appellate court, and state supreme court level.

---

[5] Per the Jefferson County District Attorney's Office, its Conviction Integrity Unit ("CIU") exists to "proactively identif[y] miscarriages of justice and pursue[ ] action to remedy identifiable cases of innocence or inequitable sentencing." Individuals (or their attorney) may submit a form online, requesting a thorough review of a particular case by the director of the CIU and a district attorney investigator, in collaboration with defense counsel. Such information is publicly available at https://firstda.co/what-we-do/conviction-integrity.

While the public certainly has an interest in justice prevailing, this Court should not dismiss the findings of multiple courts of competent jurisdiction that Plaintiff was properly convicted.

As to the balance of equities, Defendant Schaefer should not be compelled to comply with an order that compels him to produce or test evidence outside the structure provided under state law. Again, Plaintiff has not shown that Defendant Schaefer, nor CBI in general, has the ability to modify, conceal, or destroy biological evidence of which they are not the current custodians. As such, it is unclear how such a directive would be enforceable against Defendant Schaefer. Nor has Plaintiff shown why he should be permitted, at this time, to circumvent any objection that Defendant Woods would be entitled to make regarding the contents of her personnel file, and any judicial determination as to the appropriateness of the same. Indeed, much of Plaintiff's requested relief can be properly characterized as discovery requests. Defendant Schaefer, like all defendants, has an interest in allowing this Court to allow or disallow discovery based on objections that may arise as the course of regular litigation unfolds and the needs of the case and facts more fully develop. Here, Plaintiff is seeking criminal relief using the wrong mechanism in a civil form. It would be inequitable and inconsistent with the public interest to require CBI to retest evidence, or compel CBI to provide discovery, outside of the structure created by the public's elected representatives, and the Federal Rules of Civil Procedure.

## CONCLUSION

As explained above, Plaintiff's request for a preliminary injunction is disfavored across multiple fronts. Plaintiff has not met his elevated burden to obtain his requested relief, because Plaintiff's underlying claim cannot succeed on the merits, and he has not shown that he will be irreparably harmed if his request for a preliminary injunction is not granted. In addition, granting

his request for a preliminary injunction is not in the public interest, nor does it adequately balance the equites in this matter. Even if the Court believes that Plaintiff may ultimately be able to demonstrate a basis for the injunctive relief that he seeks, given the considerations specific to the grant of a request for a preliminary injunction, Plaintiff has not met his burden such that a preliminary injunction should issue at this time. As such, the motion should be denied.

Respectfully submitted this 12th day of March, 2024.

PHILIP J. WEISER
Attorney General


*s/ Kelley M. Dziedzic*
KELLEY M. DZIEDZIC*
Assistant Attorney General
COLE J. WOODWARD
Senior Assistant Attorney General
Civil Litigation & Employment Section
Attorney for Defendant Chris Schaefer
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6647
FAX: (720) 508-6032
Email: kelley.dziedzic@coag.gov
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that on March 12, 2024, a copy of the foregoing **DEFENDANT CHRIS SCHAEFER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S PETITION FOR PRELIMINARY INJUNCTIVE RELIEF [ECF NO. 48]** was filed via ECF and served electronically on all counsel of record.

<u>s/ Cole Woodward – Counsel for Defendant Schaefer</u>