IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-2989-DDD-MEH

JAMES HUNTER,

    Plaintiff,

v.

ALEXIS KING, District Attorney for the 1st Judicial District, in her official capacity
CHRIS SCHAFFER, Director of the Colorado Bureau of Investigation, in his official capacity
REGGIE MARINELLI, Sheriff of the Jefferson County Sheriff's Department, in his official capacity,
CHIEF SMITH, Chief of Police for the Lakewood Police Department, in his official capacity; and
YVONNE M. WOODS, Officer, laboratory technician of the Colorado Bureau of Investigation, in her individual capacity,

    Defendants.

---

## DEFENDANT CHRIS SCHAEFER'S MOTION TO JOIN DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [ECF NO. 39] AND SUPPLEMENTAL BRIEF

---

Defendant Chris Schaefer[1], through the Colorado Attorney General, respectfully moves to join in the Defendants' Motions to Dismiss Plaintiff's Amended Complaint[2] [ECF No. 39] and submits the following Supplemental Brief in support thereof:

---

[1] The correct spelling of Defendant's last name is "Schaefer," not Schaffer, as is indicated in the case caption.

[2] Specifically, Defendant Schaefer moves to join in Defendants' motions docketed as ECF Nos. 41, 43, and 47.

1

## BACKGROUND

Plaintiff James Hunter is a currently incarcerated inmate, having been convicted in 2004 of second-degree burglary and sexual assault in Jefferson County District Court case number 02CR3254. ECF No. 39, ¶ 12. Following the convictions he sustained at his jury trial, Plaintiff then pursued a series of (unsuccessful) appeals. Of particular relevance to this action, Plaintiff sought – unsuccessfully – to have certain DNA evidence re-tested through Colorado's state courts. To this end, he filed a petition for new DNA testing pursuant to C.R.S. § 18-1-413. In an Order dated March 26, 2020, the Jefferson County district court denied Plaintiff's petition for DNA testing, finding that he had not demonstrated that favorable results of the DNA testing would demonstrate his innocence, and that he had not met the factors set forth under C.R.S. § 18-1-413 by a preponderance of the evidence.[3]

Plaintiff then appealed this order from the trial court. The Colorado Court of Appeals affirmed the trial court's denial of Plaintiff's petition for DNA testing on January 27, 2022.[4] The Colorado Supreme Court then declined to review that decision in May of 2022.

Following his unsuccessful request for new DNA testing, Plaintiff initiated this action. Here, Plaintiff sues Defendant Schaefer, the current Director of the Colorado Bureau of

---

[3] The Court may take judicial notice of other courts' proceedings. *See, e.g.*, *Doe v. Heil*, No. 08-cv-02342-WYD-CBS, 2009 WL 3158165, at *1 n.1 (D. Colo. Sept. 28, 2009), *amended*, No. 08-cv-02342-WYD-CBS, 2010 WL 1258011 (D. Colo. Mar. 26, 2010); Fed. R. Evid. 201. Defendant Schaeffer requests that the Court take judicial notice of the docket in Jefferson County District Court case number 2002CR3254, and specifically Judge Diego Hunt's March 26, 2020 Order, which has been attached as Exhibit A.

[4] Defendant Schaeffer respectfully requests that this Court take judicial notice of the Colorado Court of Appeals' January 27, 2022 Opinion affirming the trial court's denial of Plaintiff's petition for new DNA testing, which has been attached as Exhibit B.

2

Investigation ("CBI") in his official capacity only. In the operative complaint, Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and alleges a violation of his Fourteenth Amendment Due Process rights. ECF No. 39, p. 15. As is relevant to Defendant Schaefer, he alleges that has "conspired with local law enforcement to prevent the testing of all biological evidence that could substantiate [Plaintiff's] actual innocence," thereby depriving Plaintiff of his Fourteenth Amendment due process rights. *Id*., ¶ 6.

As relief, he seeks a declaration that the acts and omissions of the defendants are in violation of his constitutional rights, as well as injunctive relief in the form of "commanding the defendants provide Plaintiff access to the print evidence, print results and all biological evidence in their custody and control for the proper of DNA testing." ECF No. 39, ¶¶ 64(A)-(B).

The Court held a scheduling conference in this matter on March 13, 2014. At that time, Plaintiff withdrew all allegations of conspiracy on the record. ECF No. 70. Defendant Schaefer, whose deadline to respond to Plaintiff's First Amended Complaint was pending at the time, orally joined in the other Defendants' Motions to Dismiss. *Id*. The Court granted Defendant Schaefer leave to file supplemental briefing as it related to his intended Motion to Dismiss.[5] *Id*. For the reasons articulated below, as well as in the other Defendants' Motions to Dismiss, Defendant Schaefer respectfully requests that Plaintiff's Amended Complaint be dismissed in its entirety.

---

[5] On February 21, 2024, counsel for Plaintiff provided undersigned counsel with a waiver of service in this matter, which she completed on February 26, 2024. ECF No. 61-1. Pursuant to Fed. R. Civ. P. 4(d)(3), Defenant Schaefer then had 60 days from February 21, 2024 to respond to the operative Complaint, making his original response due on April 22, 2024. At the Court's March 13, 2024 scheduling conference, the Court set new deadlines for Defendant Schaefer to file supplemental briefing, and gave Defendant Schaefer until March 27, 2024 to file a supplemental dismissal brief in this matter. ECF No. 70.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a court may dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A court may also dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must contain factual allegations that – when taken as true – establish a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires more than mere conceivability. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Put simply, a plaintiff "must include enough facts to 'nudge[ ] [his] claims across the line from conceivable to plausible.'" *Dennis v. Watco Cos.*, Inc., 631 F.3d 1303, 1305 (10th Cir. 2011). When resolving a Rule 12(b)(6) dismissal motion, a court should accept as true all well-pleaded factual allegations and construe those allegations in the

4

light most favorable to the plaintiff. *See Sec. & Exch. Comm'n v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). However, pure legal conclusions are not afforded such deference, and they will not be sufficient to avoid dismissal. *See Dahn v. Amedei*, 867 F.3d 1178, 1185 (10th Cir. 2017). Nor does a conclusory recitation of the elements of the cause of action meet this standard. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

I. **Despite his claims to the contrary, Plaintiff's suit does not adequately allege a challenge to a state statute or rule; as such, the prohibitions of the *Rooker-Feldman* doctrine apply to this action.**

In *Skinner v. Switzer*, 562 U.S. 521 (2011), the Supreme Court carved out a means by which a convicted state prisoner could seek DNA testing of crime scene evidence in a civil rights action under 42 U.S.C. § 1983. There, the Court made clear that a prisoner bringing such a § 1983 claim may seek "to show that the *governing state law* denies him procedural due process" after he has unsuccessfully sought DNA testing under available state procedures. *Skinner*, 562 U.S. at 525, 530 (emphasis added).

Subsequent Supreme Court decisions have reaffirmed the viability of a civil rights action as a means of challenging the constitutionality of the *state process* by which a convicted inmate may seek post-conviction DNA testing. In *Reed v. Goertz*, the plaintiff contended that Texas's post-conviction DNA law was fundamentally unfair in violation of the Due Process Clause. *Reed v. Goertz*, 598 U.S. 230, 233 (2023). As with *Skinner*, the Court in *Reed* found that the plaintiff did "not challenge the adverse" state-court decisions themselves, but rather "target[ed] as unconstitutional the Texas statute they authoritatively construed." *Reed* at 235.

Unlike *Skinner* and *Reed*, though, Plaintiff's Amended Complaint details a litany of alleged personal wrongdoing by the named defendants. As is relevant to Defendant Schaefer, Plaintiff alleges that he "is aware of [Plaintiff's] actual and factual innocence but has conspired with local law enforcement to prevent the testing of all biological evidence that could substantiate [Plaintiff's] actual innocence with the intent and understanding to prevent a collateral attack…". ECF No. 39, ¶ 6. Plaintiff then alleges that Defendant Schaefer *personally* (along with the other named defendants) deprived him of his due process rights under the Fourteenth Amendment. *Id*. ("The CBI and its agents are currently concealing evidence and information regarding [Defendant Yvonne] Woods' history of abusive forensic practices…however, Schaeffer [sp] and his staff refuse to disclose this material evidence.")[6]

Plaintiff's Amended Complaint advances no facts from which it plausibly could be adduced that he seeks to challenge the constitutionality of Colorado's post-conviction DNA testing statute, which is found at C.R.S. § 18-1-413.[7] The Amended Complaint includes a lone sentence in which Plaintiff attempts to advance this cause of action: "Mr. Hunters [sic] complaint is the state courts are denying him procedural due process, and the Colorado post-conviction

---

[6] The Amended Complete is replete with allegations of personal wrongdoing on behalf of Defendant Schaefer. Plaintiff alleges that Defendant Schaefer, along with the other defendants, have "stonewalled" his access to DNA testing. *See* ECF No. 39, ¶ 62. He further alleges that, "[t]he access to biological evidence and testing of this evidence was never properly afforded to [Plaintiff] *due to the conspirator [sic] and abusive conduct of the Defendants*, and Defense Counsel ineffectiveness." *Id*., ¶ 48 (emphasis added). He further alleges that Defendant Schaefer himself has been personally involved in "numerous due process violation[s]." *See id*., ¶ 63.

[7] Plaintiff has also failed to comply with the notice requirements for challenging the constitutionality of a state law. *See* 28 U.S.C. § 2403(b) and Fed. R. Civ. P. 5.1. As argued herein, Plaintiff's Amended Complaint does not adequately allege a challenge to Colorado's post-conviction DNA testing statute. As such, the Amended Complaint fails to provide sufficient notice that the constitutionality of the DNA testing statute is at issue.

DNA statute is unconstitutional as construed by the Colorado Courts." *Id*., ¶ 32. This cursory statement does not articulate a challenge to a state statute that could be plausibly entitled to relief under *Skinner* and *Reed*. Plaintiff's Amended Complaint alleges that his request for post-conviction DNA testing was "unfortunately denied by the Trial Court," *Id*., ¶ 38, but Plaintiff does not adequately articulate how Colorado's post-conviction DNA testing statute itself fails to provide procedural due process.

      Plaintiff's efforts to fit his due process claim within the confines of *Skinner* fail for two reasons. First, the overwhelming thrust of his Amended Complaint focuses on the personal wrongdoings of the named defendants, and not on any state courts' unconstitutional application of its statutes. Indeed, in allowing a civil rights action to proceed in *Skinner*, the Supreme Court specifically observed that the plaintiff was not "challeng[ing] the prosecutor's conduct" as part of his due process claim. *Skinner* at 530. Here, Plaintiff's effort to explain what he means by "false narrative" only reinforces the fact that he is challenging the conduct of the named defendants, and not the state statute as construed, as he claims.[8] Plaintiff's argument seems to be that it is the defendants themselves (and other, unnamed actors) who are circumventing the statute, and that it is their actions which have denied Plaintiff the ability to access post-conviction DNA testing, despite him otherwise "meet[ing] all the requirements for DNA testing as required by C.R.S. 18-1-413". ECF No. 39, ¶ 49, 54. Such an argument does not allege that Colorado courts have

---

[8] Indeed, the basis for Plaintiff's due process claim is ever evolving. While the Amended Complaint purports to allege that the state courts have denied him due process because Colorado's post-conviction DNA testing statute is unconstitutional, ECF No. 39, ¶ 38, Plaintiff then asserts that "the due process claim before the court is based on recent events that have highlighted [defendant Yvonne] Woods' fraud upon the court and fabrication of identification of evidence." ECF No. 62, p. 10.

7

construed C.R.S. § 18-1-413 in a manner that deprives Plaintiff of procedural due process. Indeed, Plaintiff describes this use of a "false narrative" and "circumvention of Colorado law" as "sadistic and malicious conduct". *Id*., ¶ 49. Unlike the plaintiff in *Skinner*, then, Plaintiff here clearly takes issue with the alleged actions of Defendant Schaefer (among others). He seems to reason that because the named defendants have conducted themselves in inappropriate ways, they have created a "false narrative" about Plaintiff, which has in turn been adopted by the Colorado judiciary and used as a basis for denying him relief under section 18-1-413. Such a fixation on the alleged conduct of Defendant Schaefer (and others) does not advance any argument that the state courts have unconstitutionally applied the relevant laws. Put differently, Plaintiff's allegations are not actually pleaded as an attack on any state law.

Second, Plaintiff's allegations make it clear that he is indeed inviting this Court to review and reject the state court decisions which have denied his request for post-conviction DNA testing. Plaintiff appears to reason that because various Colorado courts relied on a "false narrative" (as allegedly propagated by the named defendants, among others) to deny his various post-conviction motions, and failed to "liberally construe" his pro se pleadings, he has been denied to the DNA testing he seeks despite otherwise asserting that he meets all of the statutory requirements for such testing. *See* ECF No. 39, ¶ 54. He then asserts – without providing any authority – that state courts commit an error of constitutional magnitude when a judge declines to take a convicted criminal defendant at his word that he is innocent. *See id*.

Both the trial court and the Colorado Court of Appeals – which engaged in a *de novo* review of Plaintiff's petition for post-conviction DNA testing and its subsequent denial – concluded that Plaintiff's petition suffered from multiple pleading deficiencies. *See People v.*

8

*Hunter* (Colo. App. No. 20CA0993, Jan. 27, 2022) (unpublished) (attached as Exhibit B). Plaintiff plainly takes issue with how the state courts interpreted his pleadings, and not with how they applied the law to his case. He now invites this Court to revisit these adverse state-court decisions, and specifically to reject the finding that he "failed to adequately plead the factual criteria in section 18-1-413(1)(a) and (c)(I)." *Id*., ¶¶ 26-30.

Plaintiff's request for a post hoc review of state court decisions is barred by the *Rooker-Feldman* doctrine, which "prohibits federal courts from adjudicating cases brought by state-court losing parties challenging state-court judgements." *Reed* at 235. "*Rooker*-Feldman's jurisdictional bar applies when '(1) the plaintiff lost in state court, (2) the state court judgement caused the plaintiff's injuries, (3) the state court rendered judgement before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgement.'" *Graff v. Aberdeen Enterprizes*, II, Inc., 65 F.4th 500, 514 (10th Cir. 2023) (quoting *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023)).

Here, Plaintiff lost in state court. *See* Exhibit B. As a result of the state courts' denial of his petition for post-conviction DNA testing, he claims he has been denied access to untested biological evidence, and further claims that such biological evidence will identify the true perpetrator of the crimes for which he has been convicted. *See* ECF No. 39, ¶ 54. The Colorado Court of Appeals issued its mandate on May 23, 2022. Finally, Plaintiff *in substance* wants this Court to review and reject a pair of state court judgements – the trial court's denial of his petition for post-conviction DNA testing, and the Colorado Court of Appeals' affirmation of that denial. Because Plaintiff has not presented an independent claim in which he adequately challenges the constitutionality of Colorado's post-conviction DNA testing statute, the *Rooker-Feldman*

9

doctrine operates as a jurisdictional bar to Plaintiff's suit, which must be dismissed for lack of subject-matter jurisdiction.

II. **Even if this Court were to have subject matter jurisdiction, the Amended Complaint nonetheless fails to state a claim under the Fourteenth Amendment.**

Even if the *Rooker-Feldman* doctrine did not serve as a bar to Plaintiff's claim because the Court finds that he is actually challenging the constitutionality of a state statute itself, Plaintiff's Amended Complaint fails to state a plausible procedural due process claim under the Fourteenth Amendment. Nowhere in Plaintiff's Amended Complaint does he take issue with any specific statutory requirement of C.R.S § 18-1-413, nor does he draw the Court's attention to any allegedly problematic statutory language.[9]

The Supreme Court has explained that a state "has more flexibility in deciding what procedures are needed in the context of postconviction relief" because a prisoner's "right to due process is not parallel to a trial right, but rather must be analyzed in light of the fact that he has already been found guilty at a fair trial, and has only a limited interest in postconviction relief." *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69 (2009). The Court held that "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Id*.

Even though criminally convicted individuals "do not have a substantive due process right to access DNA evidence, they may 'have a liberty interest in demonstrating [their]

---

[9] At the status conference held on March 13, 2024, Plaintiff withdrew any perceived allegation of conspiracy. ECF No. 70. As such, Defendant Schaefer does not address whether or not Plaintiff plausibly states a due process claim by alleging that he, along with others, conspired to prevent DNA testing and to conceal information relating to Defendant Woods' alleged professional errors.

10

innocence with new evidence under state law.'" *Pickens v. Kunzweiler*, No. 15-CV-504-JHP-PJC, 2016 WL 1651821, at *3 (N.D. Okla. Apr. 25, 2016) (quoting *Osborne*, 557 U.S. at 68). However, such a liberty interest is hardly unfettered. While Colorado's post-conviction DNA testing statute does create "some post-conviction right to access biological evidence for DNA testing, this right is qualified to situations where the prisoner is able to demonstrate the [statutory] requisites." *McDaniel v. John Suthers*, 2008 WL 4527697, at *10 (D. Colo. Oct. 2, 2008), aff'd sub nom. *McDaniel v. Suthers*, 335 Fed. Appx. 734 (10th Cir. 2009). As the Colorado Court of Appeals' decision in *People v. Hunter* demonstrates, Plaintiff did not satisfy the applicable statutory requirements. *See* Exhibit B, ¶¶ 27-30.

Additionally, Plaintiff must also adequately plead that "the procedures established by the state are fundamentally inadequate to allow 'realization of the parent right.'" *Pickens* at *4 (quoting *Osborne* at 69). But Plaintiff's Amended Complaint contains no facts that even begin to allege that Colorado's post-conviction DNA testing procedures are fundamentally inadequate, as is required to state a claim for a procedural due process violation. Indeed, the gravamen of the Amended Complaint, at least as it relates to C.R.S. § 18-1-413, is that statute isn't being *followed*, not that it is inherently procedurally deficient. *See* ECF No. 39, ¶ 49 ("The State of Colorado is currently…*circumventing* statutory law to procedurally bar [Plaintiff] from DNA testing…") (emphasis added).[10]

---

[10] Of note, it is entirely unclear from Plaintiff's Amended Complaint exactly *who* he believes to be "circumventing statutory law" – conceivably, he could be referring to the named defendants, unknown actors, or state judicial officers themselves.

Accordingly, even putting aside the jurisdictional bar presented by the *Rooker-Feldman* doctrine, the Amended Complaint fails to state a claim upon which relief may be granted. The Court must dismiss this action for this additional reason, as well.

## CONCLUSION

WHEREFORE, Defendant Schaefer respectfully requests that the Court dismiss Plaintiff's Amended Complaint [ECF No. 39] against him with prejudice.

Submitted this 27th day of March, 2024.

                                        PHILIP J. WEISER
                                        Attorney General

                                        *s/ Kelley M. Dziedzic*
                                        KELLEY M. DZIEDZIC*
                                        Assistant Attorney General
                                        COLE J. WOODWARD*
                                        Senior Assistant Attorney General
                                        Civil Litigation & Employment Section
                                        Attorney for Defendant Chris Schaeffer
                                        1300 Broadway, 10th Floor
                                        Denver, CO 80203
                                        Telephone: (720) 508-6647
                                        FAX: (720) 508-6032
                                        Email: kelley.dziedzic@coag.gov
                                        *Counsel of Record

**CERTIFICATE OF SERVICE**

  I certify that on March 27, 2024, a copy of the foregoing DEFENDANT CHRIS SCHAEFER'S MOTION TO JOIN DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [ECF NO. 39] AND SUPPLEMENTAL BRIEF was filed via ECF and served electronically on all counsel of record.

                 *s/ Jennifer Kaercher & Mariah Cruz-Nanio*