**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>Court Address:<br>100 JEFFERSON COUNTY PARKWAY, GOLDEN, CO, 80401-6002<br><br>THE PEOPLE OF THE STATE OF COLORADO<br>v.<br>JAMES HENRY HUNTER | DATE FILED: March 26, 2020 11:36 AM<br>CASE NUMBER: 2002CR3254<br><br><br>⚠ **COURT USE ONLY** ⚠<br>Case Number: 2002CR3254<br>Division: 14     Courtroom: |
| **Order Denying Petition for complete and advanced DNA testing with appointment of counsel and expert testimony** | |

The motion/proposed order attached hereto: DENIED.

THIS MATTER comes before the court on Defendant's Petition for Complete and Advanced DNA Testimony with Appointment of Counsel and Expert Testimony.

Defendant, Mr. Hunter, filed his Petition pursuant to C.R.S. 18-1-411 to 417. CRS 18-1-412(2) requires that a Petition "include specific facts sufficient to support a prima facie showing that post-conviction relief is warranted under the criteria set forth in section 18-1-413." Subpart (3) states "[i]f the motion files, and record of the case show to the satisfaction of the court that the petitioner is not entitled to relief based on the criteria specified in section 18-1-413, the court shall deny the motion without a hearing and without appointment of counsel."

The factor set forth in 18-1-413 require the petitioner demonstrate:

"(a) Favorable results of the DNA testing will demonstrate the petitioner's actual innocence;
(b) A law enforcement agency collected biological evidence pertaining to the offense and retains actual or constructive possession of the evidence that allows for reliable DNA testing;
(c)(I) Conclusive DNA results were not available prior to the petitioner's conviction; and
(II) The petitioner did not secure DNA testing prior to his or her conviction because DNA testing was not reasonably available or for reasons that constitute justifiable excuse, ineffective assistance of counsel, or excusable neglect; and
(d) The petitioner consents to provide a biological sample for DNA testing."

The court finds Mr. Hunter has not demonstrated that favorable results of the DNA testing will demonstrate his innocence. Mr. Hunter previously raised the issue of the reliability of his DNA testing in a Crim. P. 35(c) Petition. The postconviction court denied the motion without a hearing. The appeals court affirmed the denial. Mr. Hunter argued his counsel was ineffective in failing to present evidence that no lab report confirmed the DNA expert's testimony that his DNA was found at the scene. He also argued the evidence itself was unreliable.

The court of appeals found his argument was directly refuted by the record stating, "the November 14 BCI laboratory report, about which the expert was cross-examined extensively, is included in the record on appeal." *People v. Hunter*, 17CA2112 (Colo. App. April 25, 2019) 18. The court of appeals also found that the expert did produce a laboratory report from November 14, 2002 confirming that two of Hunter's pubic hairs were found on sheets where the sexual assault of the victim occurred. *Id*, 21.

Because the court of appeals found Mr. Hunter's argument regarding the reliability of the DNA testing was refuted by the record, the court finds that Mr. Hunter has not shown by a preponderance of the evidence that DNA testing would demonstrate his innocence under prong (a).

Moreover, under prong (c)(II), DNA testing *was* completed prior to Mr. Hunter's conviction. His Petition only alleges that "advanced" DNA testing was not available. Petition, p. 4. Mr. Hunter also alleges "counsel should have moved for complete testing." However, testing did occur, and Mr. Hunter's 35(c) Petition was denied, as discussed above.

Accordingly, because Mr. Hunter has not met the factors set forth under CRS 18-1-413 by a preponderance of the evidence, the court denies the motion and Mr. Hunter's request for counsel.

Issue Date:  3/26/2020

DIEGO G HUNT
District Court Judge