IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORAD

**Civil Action No.: 23-CV-02989-DDD-MEH**

**JAMES HUNTER,**

          Plaintiff,

v.

**ALEXIS KING, District Attorney for the First Judicial District, in her official capacity;** et al.,

          Defendants.

---

**PLAINTIFF HUNTER'S RESPONSE TO
DEFENDANT SCHAEFER'S MOTION TO DISMISS [#72]**

---

Plaintiff James Hunter, through council Kenneth Mark Burton, of the Law Office of Mark Burton, P.C., respectfully submits this memorandum in support of this action and in response to Defendant Schaefer's Motions to Dismiss [DOC #72].

### **DUTY TO CONFER**

Plaintiffs' Response is excepted from the conferral requirements set forth in D.C.Colo.L.R.7.1 (b)(2).

## INTRODUCTION

The Plaintiff Mr. Hunter Stands on Plaintiff's Joint Response to Defendant's Motion to Dismiss [ DOC # 62 ], and is hereby incorporated by reference herein.

In 2002, the Jefferson County Court dismissed Mr. Hunter's case at the preliminary hearing phase due to the absence of probable cause based on "manipulated evidence". However, several months later, an indictment was brought based on similar "manipulated" evidence [DOC #39 ¶¶ 12-20] Due to the fact that the Colorado courts have never given Mr. Hunter the opportunity to challenge the "manipulated" evidence that was used to indict Mr. Hunter this is exactly why we are here today**.** Defendant Woods, the apparent source of the "manipulated" evidence in this case, was recently exposed by the Colorado Bureau of Investigation as a potential criminal and fraud. The testing of forensic evidence conducted by Woods has been called into question due to her corrupt testing practices and numerous instances of false identification. Still, the Defendants King, Shaffer, Woods, and others are actively working to conceal the true extent of this fraud on the Colorado courts, which is foreclosing Mr. Hunter's ability to utilize this newly discovered evidence to substantiate a basis for clemency or a new collateral attack action.

## LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Dubbs v. Head Start, Inc., 336 F.3d 1194, 120l (10th Cir. 2003) (internal quotation marks omitted).

The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiffs' well pleaded factual allegations and view them in the light most favorable to the plaintiff." Ridge at Red Hawk, 493 F.3d 1174,1177 (10th Cir. 2007)

.   In ruling on a Motion to Dismiss under Rule 12(b)(6), the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Dias v. City & County. of Greeley, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. (quoting Twombly, 550 U.S. at 556). However, "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 556). "[C]omplaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' ... 'will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

## ARGUMENT

**I.**         **Mr. Hunter's Injunctive Claim is Properly Plead.**

As an initial matter, the pleading standards in injunctive cases are less restrictive with respect to identifying exactly who was responsible for the purported constitutional violation. The inquiry is "broader and more generalized,' and the focus is on "the combined acts or omissions" of the officials responsible for operating the respective agency. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988); see also Houston v. Sheahan, 62 F.3d 902, 903 (7th Cir,1995) (describing sheriff as stand-in for politically body they served in an official capacity seeking an injunction). By extension, the salient inquiry here is whether the Defendants King, Shaffer, and others can end the constitutional violation if so ordered. See Kohel v. Dalsheim, 85 F3.d 86, 89 (2nd Cir. 1996) (Reversing dismissal of injunctive claim, since the superintendent "has overall responsibility to ensure that prisoner's basic needs were met".)

Mr. Hunter has standing to bring this suit in equity. An injury-in-fact is sufficiently plead: the denial of access to the requested evidence. The state prosecutor, Schaefer, and others, who were named defendants, denied Mr. Hunter access to DNA and other evidence that effectively voids the states identification of Mr. Hunter as the perpetrator; and thereby caused Mr. Hunter injury. In fact, if this federal court concludes that Colorado post-conviction DNA testing procedure under Colorado clemency and DNA statue violates due process, this court order would eliminate King, Schaefer, and other justifications for denying DNA testing. The defendants, certainly, would abide by such an order. Reed v. Goertz, 598 U.S. 230, 233-34 (2023). This change in legal status and "the practical consequence of that change would amount to a significant increase in the likelihood that [King, Shafer, and others] would grant access to the requested evidence" and that Mr. Hunter would obtain relief that directly redressed the injuries suffered.

To establish an injunctive claim against Mr. Schaefer and others, it is unnecessary to allege personal involvement with a state official when a plaintiff is attacking governmental conduct or procedures on "federal grounds" that is somehow relevant to the official's job duties under the supervision of the named Defendant. Indeed, all that is required is that the complaint names an official of sufficient authority to appropriately respond to the Court's order on Injunctive Relief should it be issued. Luckey v. Harris 860 F.2d 1012, 1015-1016 (11th Cir. 1988.)

Furthermore, Ex Parte Young doctrine allows suits of this nature for declaratory of injunction relief against state officers in their official capacity. Ex Parte Young ,209 US 123, 159, 161 (1908).

## II. Mr. Hunter's Due Process Claim was Properly Stated.

The Plaintiff's due process claims lay out detailed facts related to Defendant Scheafer, Woods, and others' violations of Mr. Hunter's due process rights, and specifically names the District Attorney of Jefferson County, Lakewood Chief of Police, Jeffersons County Sheriff, and Director of the Colorado Bureau of Investigations, who have final decision-making authority, and who are authorized to appropriately respond to this Court's order for injunctive relief when it is issued. Therefore, Plaintiff's operative complaint passes muster.

To show a due process violation, a plaintiff must allege Facts showing: (1) a deprivation by state action of a protected interest in life, liberty, or property; and (2) inadequate due process. Reed v. Goertz, 598 U.S. 230, 236 (2023) Mr. Hunter has sufficiently alleged facts plausibly showing each of the requisite elements. First, Mr. Hunter has detailed a deprivation of a liberty interest in clemency and right to access exculpatory evidence to collaterally attack his conviction. As such, Mr. Hunter has adequately established an entitlement to release based on the deprivation of due process under the rationale set forth Reed v. Goertz, supra.

A plausible showing that the defendants deprived Mr. Hunter of adequate process has been properly pleaded, specifically the discovery mechanisms under Colorado clemency statutes and DNA statutes are inadequate and have effectively allowed the defendants to conceal exculpatory evidence unchecked. [DOC #39, ¶¶ 43-63].

As the administrative heads of their respective agencies with final decision-making authority, King, Schaefer, Smith, Marinelli have authority to execute the courts injunctive order should it be issued. Plaintiff's Complaint. [DOC #39, ¶¶ 5-9]; Koehl v. Dalsheim, 85 F.3d 85 F.3d 86 89 (2nd Circuit, 1996). Each of the defendants are privy to the recent scandal involving Woods' "manipulation" of evidence. Moreover, the Defendants King, Schaefer, Smith, and Marinelli are actively working to coordinate the review of forensic evidence in hundreds of criminal matters involving Woods' corrupt testing practices. Defendants' personal involvement in this review process reasonably and logically makes them a proper party to this action and requires Federal oversight given the provocations and systemic abuses identified in the complaint. Plf's Comp. [DOC #39, ¶¶ 5-9, 61-63]. For this reason, the defendant's efforts to be removed from this injunctive action fail.

### A. Colorado Clemency Statue under § 16-17-102, C.R.S., is Inadequate.

Mr. Hunter has a state-created liberty interest in clemency based on statutory law. This process fails to provide an adequate means of compelling evidence related to Mr. Hunter's innocence-misidentification and DNA testing, which is Required to establish a substantial basis for clemency; Thus, gives rise to a due process violation. See e.g. Wade v. Brady, 612 F.Supp 2d 90,101 n.7 (D.Mass. 2009) (Indeed, the standard perhaps should be broadened to cover other

instances in which DNA testing should be ordered. A plaintiff may seek to use DNA testing, for example, to mount a claim of executive clemency).

Interestingly, Defendant Schaefer takes no issue with the inadequacy of this statute that has effectively denied Mr. Hunter due process. As explained in Skinner v. Switzer, 562 US 521, 532, (2011), Colorado's clemency "Statute or rule governing the decision may be challenged in a federal action."

B. **Colorado Criminal Discovery rules are inadequate.**

Due process confers the right to access exculpatory evidence upon request under the rationale of Brady v. Maryland, 373 U.S. 83, 87 (1963). Colo. Rules of Criminal procedure fails to provide a mechanism for enforcement of a continuing discovery obligation when state proceedings are finalized, and private citizens are actively concealing exculpatory evidence. A plaintiff may seek to compel evidence to establish an exception to excessive petition or other procedural bars to effectively collaterally attack his conviction. For this reason, Colorado's discovery "rules may be challenged in a federal action," for want of due process.

C. **Colorado's DNA statue is, also, inadequate.**

Mr. Hunter has a procedural due process right not to be denied testing when state statue allows for it. See e.g. Guitierrez v. State, 663 S.W. 3d 128 (Tex. Crim. App. 2022) (Only procedural due process right). Colorado's DNA statute (C.R.S § 18-1-413), creates a liberty interest in DNA testing when a proper showing of innocence has been made. This DNA statute fails to provide access to early discovery and mechanisms required to enforce discovery requests. Secondly, this stature fails to provide mechanisms for retesting in cases such as this, where the state had forensic scientist fired for data manipulation. Finally, Colorado DNA's statue fails to provide a miscarriage

of justice exception that excuses a procedural bar; and moreover, still allows innocent citizens to be denied DNA testing based on procedural and subjective grounds.

### III.  The Rooker-Feldman Doctrine has no Applicability Because this Federal Action is not a Direct attack on a judgment.

Because the factual pleadings make no requests for reversal of a judgment for Mr. Hunter's release from confinement, the Rooker-Feldman jurisdictional bar has no applicability here. Pointedly, Mr. Hunter's suit in equity is not identical to the state action and cannot be characterized as an appeal of the state courts judgment. See e.g. Osborne v. District Atty's office for Third judicial District, 521 F.3d 1118, 1133 (9th CIR. 2008) "Prisoners section 1983 action to compel access to DNA evidence not barred by preclusive effect of state court proceedings because federal claim not identical to state as required by law", red. on other grounds, District Attorney's Office v. Osborne 557 U.S. 52 (2009). And the defendant's bad faith effort to re-write the pleadings to satisfy the review of state court judgment requirements is not well taken and fails on the merits.

The doctrine of Rooker-Feldman is predicated on District Columbia Court of Appeals v. Freedman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Company, 252 U.S. 413 (1923). The Rooker-Feldman doctrine prohibits Federal suits that amount to an appeal of a State Court judgment. This doctrine is derived from the fundamental notion that Title 28 U.S.C. § 1257 limits review of a State Court judgment to only the Supreme Court of the United States. Because This doctrine is derivative of a civil action, its application is limited with respect to criminal post-conviction actions and fails to square with title 28 U.S.C. § 2254,

Building further on this premise, the Supreme Court's holding in Exxon Mobile         v. Saudi Basic Industry Corp. is instructive. Specifically, the Suprema Courts held:

> If state and federal action proceed currently, the Rooker-Feldman doctrine is inapplicable to bar the Federal Suit: but once the state adjudication is complete, its effect on the federal suit is governed by preclusion Law.

Exxon Mobile Corp, 544 U.S. 280 291-94 n.4. (2005). Interestingly though, unlike the Rooker-Feldman doctrine procedural law is not a jurisdictional bar therefore, this due process violation before this court are new issues that were not fully and fairly litigated at the State Court level and thus not subject to res judicate and collateral estoppel.

### A. Mr. Hunter's Due Process Claim is Not Subject to Preclusion Law.

Res judicata prohibits a lawsuit if there has already been a judgment on the merits of the same cause of action by a court of competent jurisdiction in a prior suit involving the same parties or their privies. See Migra v. Warren City School District BD. of Education, 565 U.S. 75,77 n.1 (1984).

The first prong requires that the previous and current case arise from the same set of facts. For instance, if the second suit arises from significantly different facts and could not have been brought previously, as here, preclusion law is not applicable. O'Connor v. Pierson, 586 F.3d 64, 69-70 (2nd Cir. 2009): See e.g. Morgan v. Gertz, 166 F.3d 1307,1309 (10th Cir. 1999) (No collateral estoppel effect because officers were not a party to state criminal proceeding).

Moreover, because the issues in Mr. Hunter's case were not essentially part of the State Court holding in People v. Hunter, res judicata and collateral estoppel have no preclusive effect. See Haring v. Prosire, 462 U.S. 306, 315 (1983). Pointedly, the Defendants cannot meet their burden based on the dynamics of this case. U.S. v. Dominguez, 359 F.3d 839, 842 (6th Cir. 2004).

As an initial matter, the due process claim before the Court is based on recent events that have highlighted Woods' fraud upon the court and fabrication of identification of evidence. This issue has never been fully and fairly litigated in the State of Colorado.

In addition, the Courts holding in People v. Hunter 20CA0993 (Col. App., Jan 27,2022), was based on a 2020 version of C.R.S § 18-1-413, which has been substantially modified, and therefor is bad law with no preclusive effect.

Further, the dynamics of this case make it patently clear that this action could not have been brought sooner because: (1) Wood's fraud was recently discovered; (2) Clemency was unavailable until recently; and (3) Defendants' decision to retest forensic evidence is recent and creates a danger of destruction of exculpatory evidence without proper oversight. Accordingly, for want of a fair and full opportunity to litigate the issue before this court preclusion law is inapplicable. Allen v. McCarry, 449 U.S. 90, 101 (1980). Indeed, preclusion law "does not apply when the decision to hold a defendant…was made on the basis of fabricated evidence… or the result of the other wrongful conduct by state or local official." Awabby v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004).

## CONCLUSION

In summary, the well plead complaint articulates a meritorious basis for injunctive relief under the Fourteenth Amendment. As such, this case is not subject to summary dismissal. Furthermore, the underlying action presents a unique set of facts that present the quintessential circumstances, in which, this Court should capitulate in the interest of justice and grant the plaintiff

injunctive relief. Wherefore, the Plaintiff respectfully moves the court to reject the Defendant's bad faith motion to dismiss, and any other relief that would be just and equitable.

Respectfully submitted this 11th day of April 2024.

s/ Kenneth Mark Burton

Law Office of Mark Burton, P.C.
1175 Osage St, Suite 210
Denver CO, 80204
Tel. 303.517.1187
Fax 303.392.3799
burtonslaw2000@yahoo.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February 2024 I served a true and correct copy of the foregoing:

**PLAINTIFF HUNTER'S RESPONSE TO DEFENDANT SCHAEFER'S MOTION TO DISMISS** [#72]

with the Clerk of the Court by CM/ECF system and to all attorneys of record.

/s Kenneth Mark Burton